Jack B. COHEN, Iva B. Cohen, Bernard Golner, Gerald Golner, Judell Investments Co., Inc., Alfons Jacobs, Lisa Jacobs, Donald P. Levinson, Rosalie B. Levinson, Lynn Ochstein, Jack Shaffner and Phil Goodman, individually and jointly and as beneficiaries of Gainer Bank, N.A., as successor in interest to Gary National Bank, as Trustee under Gainer Bank, N.A., Trust No. P–5982, Appellants–Plaintiffs,

v.

GAINER BANK, N.A.; Gainer Bank, N.A., as successor in interest to Gary National Bank; Gainer Bank, N.A. as successor in interest to Gary National Bank, as Trustee under Gainer Bank, N.A., Trust No. P–5982; Gainer Bank, N.A., as Trustee under Gainer Bank, N.A., Trust No. P–6121; and Betty Isay, Appellees–Defendants.

Jack B. COHEN, Iva B. Cohen, Bernard Golner, Gerald Golner, Judell Investments Co., Inc., Lisa Jacobs, Donald P. Levinson, Rosalie B. Levinson, Lynn Ochstein, Jack Shaffner and Phil Goodman, individually and jointly and as beneficiaries of Gainer Bank, N.A., as successor in interest to Gary National Bank, as Trust No. P–5992, Appellants–Plaintiffs,

v.

GAINER BANK, N.A.; Gainer Bank, N.A., as successor in interest to Gary National Bank; Gainer Bank, N.A., as successor in interest to Gary National Bank, as Trustee under Gainer Bank, N.A. Trust No. P–5992; Gainer Bank, N.A., as Trustee under Gainer Bank, N.A., Trust No. P–6121; and Betty Isay, Appellees–Defendants.

No. 56A05–9303–CV–100.

Court of Appeals of Indiana, Fifth District.

Feb. 14, 1994.

Transfer Denied July 13, 1994.

John Kappos, Donald P. Levinson, Merrill-ville, for appellants-plaintiffs.

Fred M. Cuppy, Merrillville, for appellee-defendant Gainer Bank, N.A. and Gainer Bank, N.A. as Trustee.

SHARPNACK, Chief Judge.

Jack B. Cohen, et al., individually, jointly, and as beneficiaries of Gainer Bank, N.A., as successor in interest to Gary National Bank, as trustee under Gainer Bank Trust Nos. P–5982 and P. 5992 (the "Beneficiaries"), appeal the granting of summary judgment in favor of Gainer Bank, N.A.; Gainer Bank, N.A., as successor in interest to Gary National Bank; Gainer Bank, N.A., as successor in interest to Gary National Bank, as trustee under Gainer Bank, N.A., Trust Nos. P–5982 and P–5992; and Gainer Bank, N.A., as trustee under Gainer Bank, N.A., Trust No. P–6121 ("Gainer"). We affirm.

The Beneficiaries present two issues for our review, which we restate as:

1. whether as a matter of law Gainer breached its fiduciary duty to the Beneficia-ries, and therefore the court erred in grant-ing Gainer's motion for summary judgment; and

2. whether Gainer failed to comply with Ind.Code § 30–4–3–5(a), which requires court authorization if the duty of a trustee in the exercise of any power conflicts with his interest as trustee of another trust, and therefore the court erred in granting Gain-er's motion for summary judgment.

The present appeal is the second to arise out of a complex and unfortunate set of circumstances, the facts of which were set out by this court in *Lake County Trust Co. v. Gainer Bank, N.A.* (1990), Ind.App., 555 N.E.2d 1356, *reh'g denied, trans. denied:*

> "The facts of this case are essentially un-disputed. Kurt Isay and his wife, Betty Isay, did business as Kurt Isay and Associ-ates, Inc., located at 7863 Broadway, Mer-rillville, Indiana. Mr. Isay, a real estate broker, gathered a group of investors to join him in entering a trust agreement with what is now known as Gainer Bank, N.A. On or about August 20, 1981 said trust, designated as Trust No. P–5982, en-tered a real estate purchase agreement with the Lake County Trust Company, as Trustee under Trust No. P–2680 (hereinaf-ter referred to as Seller Trust)....
>
> Substantially the same beneficiaries as that of Trust No. P–5982 entered a second trust, designated as Trust No. P–5992, for the purpose of purchasing another piece of real estate from the Seller Trust....
>
> The partnership agreement between the beneficiaries of Trusts No. P–5982 and P–5992 (hereinafter referred to as Purchas-ing Trusts) named Kurt Isay as managing partner. In May of 1984, Kurt Isay died. Following his death, Betty Isay maintained the office at 7863 Broadway and took over books and records pertaining to the Pur-chasing Trusts. Thereafter, the beneficia-ries of the Purchasing Trusts dealt with Betty Isay as if she were the managing partner of the partnerships. Isay, who owned a percentage of beneficial interest in each trust, assumed such responsibilities as notifying the beneficiaries when pay-ments were due, accepting payments at her office, depositing said payments in

their respective accounts, and making payments to the Seller Trust. There was no evidence that the beneficiaries amended their partnership agreement to formally name a successor managing partner. The trial court noted that '[t]he evidence showed no objection by the Beneficiaries to Betty Isay performing these functions, nor did there appear to be any attempts on the part of the Beneficiaries to oversee or check on her performance of these responsibilities.' [citation omitted]

Isay eventually began embezzling funds intended for application to the Purchasing Trust's real estate agreements, as a direct result of which she failed to tender amounts due and owing to Seller Trust. Seller Trust commenced separate actions against the respective Purchasing Trusts seeking judgment for monetary damages and foreclosure of Purchaser's interests under the agreements by virtue of their failure to meet their annual payments. In each action, summons was issued against Purchasers and served by certified mail on Gainer Bank. Gainer Bank mailed the summons and complaints to Betty Isay at her business address. Isay failed to notify any of the beneficiaries of her receipt of the foreclosure actions or of the sheriff's sales which eventually occurred.

On September 24, 1987, Seller Trust applied for judgment by default against the Purchasing Trusts by virtue of their failure to appear. In October, 1987, the trial court entered default judgments in both actions. Determining that Seller Trust held prior rights as to both parcels of real estate and that it was owed $95,424.96 from Trust No. P–5982 and $114,697.42 from Trust No. P–5992, the trial court directed the sheriff to sell the subject real estate in foreclosure and to apply proceeds from said sale to satisfy court costs and Seller Trust's judgments. The properties were sold to Gainer Bank Trust No. P–6121 for amounts slightly in excess of those deemed owing by Purchasing Trusts."

*Id.* at 1357–58. In *Lake County,* Gainer and the Beneficiaries appealed the denial of their motions for relief from the default judgments and sheriff's sales. This court affirmed the trial court's judgment on the grounds that the Beneficiaries had

"acquiesced to [Isay's] management of the investments and failed to properly monitor her actions. The record shows that Beneficiaries could have accessed the records of the trusts at any time upon request, but failed to so request. Additionally, it was shown that Beneficiaries failed to effectuate alterations in the trust documents and purchase agreements after Kurt Isay's death to establish a new managing partner or new mailing address for notice of default. In short, the trial court could have determined that the breakdown of communication between Beneficiaries and Seller Trust was a result of a reckless failure of the Beneficiaries to properly protect their interests in the Trust."

*Id.* at 1360.

The present case arises out of the Beneficiaries' action against Gainer for breach of trust and negligence. The Beneficiaries complained that Gainer committed breach of trust by failing to notify them of the foreclosure or sheriff's sale as required by law, by serving as trustee of the trust that purchased the property at the sheriff's sale despite its conflict of interest, and by failing to receive the requisite court authorization for participation in the transaction, and that Gainer's negligence caused the Beneficiaries a loss of property. After discovery, the Beneficiaries and Gainer entered into a stipulation regarding all facts relevant to the issues. The stipulation contained the following:

"10. On or before December 4, 1987, the Gainer Bank, N.A., assisted, facilitated or granted an interest bearing loan to the beneficiary or beneficiaries of Gainer Bank Trust No. 6121.

\* \* \* \* \* \*

12. That on December 4, 1987, one of the beneficiaries of Gainer Bank Trust No. P–6121 purchased the real estate of Gainer Bank Trust No.s P–5982 and P–5992 at a public Sheriff Sale instructing the Sheriff's Office to place the title in the name of Gainer Bank Trust No. P–6121. No officer of Gainer Bank nor Gainer Bank as Trustee participated at the Sheriff's Sale and

the property was purchased for Gainer Bank Trust No. P–6121 by one of the beneficiaries of said Gainer Bank Trust No. P–6121.

13. The Gainer Bank, N.A., and the Gainer Bank as Trustee for Trust No.s P–5982 and P–5992 never disclosed to the beneficiaries or any of them of Gainer Bank Trust No.s P–5982 or P–5992 all material facts related to the purchase of the property of Gainer Bank Trust No.s P–5982 and P–5992 by Gainer Bank Trust No. P–6121. Gainer Bank and Gainer Bank as Trustee for Trust No.s P–5982 and P–5992 had no actual knowledge that one of the beneficiaries of Gainer Bank Trust No. P–6121 would buy the property of Gainer Bank Trust No.s P–5982 and P–5992 for Gainer Bank Trust No. P–6121.

14. The Gainer Bank, N.A. and the Gainer Bank as Trustee under Trust No.s P–5982 and P–5992 did not obtain Court authorization for the purchase, at the Sheriff's sale, of the property of Gainer Bank Trust No.s P–5982 and P–5992 by the beneficiary of the Gainer Bank Trust No. P–6121 for Gainer Bank Trust No. 6121.

15. The Gainer Bank as Trustee under Trust No.s P–5982 and P–5992 did not receive authorization by at least 65% of the total interest held by the beneficiaries of Trust No.s P–5982 and P–5992 to correspond or communicate only with Betty Isay about matters pertaining to Gainer Trust No.s P–5982 and P–5992.

Record, pp. 35–36. Both parties subsequently filed motions for summary judgment. After a hearing on the motions, the court entered a judgment in favor of Gainer and denied the Beneficiaries' motion.

■ When we review a trial court's entry of summary judgment, we are bound by the same standard as the trial court: We may only consider those portions of the pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters designated to the trial court by the moving party for purposes of the motion for summary judgment. *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431, 434; Ind.Trial Rule 56(C), (H).

We may not reverse summary judgment orders on the ground that there is a genuine issue of material fact unless the material facts and relevant evidence were specifically designated to the trial court. *Id.* On appeal, a trial court's grant of summary judgment is "clothed with a presumption of validity." *Id.* (quoting *Department of Revenue v. Caylor–Nickel Clinic* (1992), Ind., 587 N.E.2d 1311, 1313). The appellant bears the burden of proving that the trial court erred in determining that there are no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Id.* All properly asserted facts and reasonable inferences should be resolved against a moving party. *Indiana Board of Public Welfare v. Tioga Pines* (1993), Ind., 622 N.E.2d 935, 940.

As the essential facts of the present case are undisputed, our concern is whether Gainer, as the moving party, is entitled to judgment as a matter of law.

I

■ The Beneficiaries first argue that as a matter of law Gainer breached its fiduciary duty to the Beneficiaries, and therefore the court erred in granting Gainer's motion for summary judgment. The Beneficiaries contend that Gainer was subject to a duty under Ind.Code § 30–4–3–7(d), which provides:

"Unless the terms of the trust provide otherwise, the Trustee may sell, exchange, or participate in the sale or exchange of property from one trust to himself as trustee of another trust, providing the sale or exchange is fair and reasonable with respect to the beneficiaries of both trusts and the trustee discloses to the beneficiaries of both trusts all material facts related to the sale or exchange which the Trustee knows or should know."

I.C. § 30–4–3–7(d). The Beneficiaries argue that Gainer dealt with itself as trustee of the trusts which sold and bought the property and that Gainer failed to disclose to the Beneficiaries its role in the transaction. Gainer argues in response that, as stipulated, (1) it did not participate in the transaction, either as seller or purchaser, and (2) it did not know at the time of the sale that the

purchaser of the property was a beneficiary under a trust of which it was trustee. Therefore, Gainer argues, it had no material facts to disclose to the Beneficiaries and no duty to make such disclosures. We agree. Gainer discharged its duty when it mailed the summons and complaint that it had received from the Seller Trust to Betty Isay, who was acting as managing partner of the trust. From that point forward, Gainer had no role in the sale or purchase of the property until the property was placed into Trust No. P–6121. By that time, the sale and purchase had been completed without Gainer's knowledge and with no role played by Gainer.

■ The Beneficiaries argue that Gainer should not be absolved from liability for the actions of Steven Sohacki, who purchased the property and placed it into Trust P–6121 with himself and others as beneficiaries thereunder. The Beneficiaries argue, in essence, that Gainer had a duty to monitor the sheriff's sale to ensure that no purchaser of the trust property placed that property into a Gainer trust. This argument strains credibility and exaggerates Gainer's obligations under the trust. Under Indiana law, a trustee's primary duty is to "administer a trust according to its terms." I.C. § 30–4–3–6(a). This duty is limited by a number of other statutory duties, such as the duty "to administer the trust solely in the interest of the beneficiaries," but all such duties may be modified in the terms of the trust. I.C. § 30–4–3–6(b) and Study Commission Comment thereto. The trusts under which the Beneficiaries derive their rights, Trusts No.s P–5982 and P–5992, both contain the following provisions:

"It is understood and agreed by the parties hereto ... that said Trustee will deal with said real estate only when authorized to do so in writing and that ... it will on the written direction of the number of above named beneficiaries ... who equal or exceed 55% of the beneficial ownership of the Trust ... deal with the title to said real estate, provided, however, that the trustee shall not be required to enter into any personal obligation or liability in dealing with said land or to make itself liable for any damages, costs, expenses, fines or penalties ...."

"The beneficiary or beneficiaries hereunder, ... shall have the management of said property and control of the selling, renting and handling thereof, and shall collect and handle the rents, earnings, avails and proceeds thereof, and said trustee shall have no duty in respect to such managing or control, or the collection, handling or application of such rents, earnings, avails or proceeds, ... except on written direction as hereinabove provided."

Record, pp. 39, 42. Far from imposing upon Gainer the kind of supervisory obligations alleged by the Beneficiaries, the trust instrument requires the Beneficiaries to initiate and approve any involvement by Gainer in real estate transactions involving the trust property. Accordingly, we conclude that as a matter of law Gainer did not breach its fiduciary duty to the Beneficiaries.

## II

■ The Beneficiaries next argue that Gainer failed to comply with Ind.Code § 30–4–3–5(a), which requires court authorization "[i]f the duty of the trustee in the exercise of any power conflicts with his individual interest or his interest as trustee of another trust." Gainer argues in response that this statute is inapplicable because Gainer did not act or otherwise exercise its power as trustee in the sale or purchase of the property. We agree. As noted above, control of the property was in the hands of the Beneficiaries, and the foreclosure and subsequent sale of the property resulted from the Beneficiaries' failure to monitor Betty Isay in the management of the property. Likewise, the record shows that Gainer did not knowingly participate in the purchase of the property by Steven Sohacki. Accordingly, Gainer exercised no power that conflicted with its own interest or its interest as trustee of another trust, and therefore no court authorization was required.

We find, therefore, that the trial court did not err in granting Gainer's motion for summary judgment.

AFFIRMED.

BARTEAU, J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

As the majority herein notes, the opinion of our Third District in *Lake County Trust Co. v. Gainer Bank N.A.* (1990) 3d Dist. Ind.App., 555 N.E.2d 1356, held that by acquiescing in Betty Isay's management of the partnership, following the death of the managing partner, the other beneficiaries could not complain of her purposeful failure to disclose that a foreclosure action had been filed and that a sheriff's sale was imminent.

This "reckless failure of the Beneficiaries to properly protect their interests",[1] however, should not serve to insulate the trustee from carrying out its own obligations. Pursuant to I.C. 30–4–3–7(d), the trustee is charged with the knowledge that the property sold at foreclosure was being placed in Trust No. P–6121 even though Sohacki was the actual foreclosure purchaser rather than Gainer Bank. Even though Gainer Bank may have been an innocent participant, the subtle manipulations utilized should not absolve it for failing to notify and disclose all material facts "to the beneficiaries [plural] of both trusts...." I.C. 30–4–3–7(d) (Burns Code Ed.Supp.1983).

The beneficiaries of the trusts numbered P–5982 and P–5992 have suffered the foreclosure and sale as a result of their "reckless" trust of Betty Isay. Gainer Bank should not be permitted to take refuge in a similar confidence that when the summonses and complaints were mailed from Gainer Bank to Betty Isay she would carry out the Bank's duty to notify the other beneficiaries.

I would reverse the summary judgment entered in favor of Gainer Bank and remand for further proceedings to resolve the factual question whether Gainer violated I.C. 30–4–3–7(d), and, if so, whether that violation of

duty proximately resulted in any compensable loss to the beneficiaries.

---

1. Although the decision of the 3d District is the law of the case, I have great difficulty in understanding how one can be estopped by failure to protect one's interest against independent criminal conduct and a subsequent cover-up of that conduct. The fact that one beneficiary entrusts another to act in matters of mutual interest should not constitute acquiescence in criminal activity which violates that relationship of confidence and trust.