Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 11 2012, 9:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**PETER J. RUSTHOVEN**
Barnes & Thornburg
Indianapolis, Indiana

**HAROLD ABRAHAMSON**
**JONATHAN E. HALM**
Abrahamson, Reed & Bilse
Hammond, Indiana

**BRIAN CUSTY**
Merrillville, Indiana

ATTORNEYS FOR APPELLEES:

**KARL L. MULVANEY**
**NANA QUAY-SMITH**
**SHANNON D. LANDRETH**
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

**F. JOSEPH JASKOWIAK**
Hoeppner, Wagner & Evans, LLP
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LAKE COUNTY TRUST CO., as Trustee for Lake County Trust 5434, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1111-PL-527 |
| | ) | |
| UNITED CONSUMERS CLUB, INC., | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Michael N. Pagano, Special Judge
Cause No. 45D09-0911-PL-172

**September 11, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MAY, Judge**

Lake County Trust 5434 ("the Trust") sued United Consumers Club ("United") for recovery of unpaid rent. The lawsuit was brought by the Trustee only; the trust beneficiaries were not named as plaintiffs even though the trust document explicitly provided the Trust could not collect or receive the rents from the trust property. As the Trust did not have standing to sue United, we reverse.

**FACTS AND PROCEDURAL HISTORY**

The document creating the Trust provides in part:

> It is further expressly understood and agreed that [the Trust] has no right or power whatsoever to manage, control or operate said real estate in any way or to any extent and is not entitled at any time to collect or receive for any purpose, directly or indirectly, the rents, issues, profits or proceeds of said real estate or any mortgage or any disposition thereof.

(App. at 857.)

In May of 2009, the Trust, in the name of the Trustee only and not the beneficiaries, sued United for recovery of unpaid rent. In August 2009 the Trust amended its complaint to allege United had not paid base rent, taxes, and operating expenses as required under the lease agreement. United moved to dismiss, and its motion was denied. In December 2009, United filed its amended answer and counterclaim in which it alleged, among other things, that the Trust was not the real party in interest[1] or was otherwise "not qualified to bring these claims per the terms of the lease," (*id.* at 962), and "lacks standing to sue for the relief sought in the amended complaint." (*Id.* at 963.)

---

[1] In its counterclaim United sought to join as defendants the Trust beneficiaries, and the Trust objected.

2

The parties then filed cross-motions for summary judgment, and in September of 2011 the trial court granted summary judgment for the Trust on certain issues and for United on one issue. In its summary judgment order, it concluded the Trust had standing to bring the lawsuit. The trial court certified its order for interlocutory appeal, and we accepted jurisdiction.

## DISCUSSION AND DECISION

As the Trust did not have standing to sue United for back rent, its lawsuit should have been dismissed. The main purpose of standing is to insure that the party before the court has a substantive right to enforce the claim that is being made in the litigation. *In re Custody of G.J.*, 796 N.E.2d 756, 759 (Ind. Ct. App. 2003), *trans. denied*. A court has no jurisdiction over a particular case unless a party with standing is participating in the case. *Id*. An allegation that a party lacks standing is treated as a motion to dismiss under Rule 12(B)(6) of the Indiana Rules of Trial Procedure. *Id*.

Under Indiana law, a trustee's primary duty is to "administer a trust according to its terms." *Cohen v. Gainer Bank, N.A.*, 628 N.E.2d 1246, 1250 (Ind. Ct. App. 1994) (quoting Ind. Code § 30-4-3-6), *reh'g denied, trans. denied*. This duty is limited by a number of other statutory duties, but all such duties may be modified in the terms of the trust. *Id*.

3

The terms of the Trust before us do not permit it to bring an action to recover rent. The trust document[2] is explicit that the Trust "is not entitled at any time to collect or receive for any purpose, directly or indirectly, the rents, issues, profits or proceeds of said real estate," (App. at 857), and we agree with United that "[u]sing the words that the Trust had 'no power to collect rents, also left the Trustee with no power to bring a lawsuit to collect rent." (Reply Br. of Appellee/Cross-Appellant at 5.)

We acknowledge the Trust's argument and supporting authority to the effect a trust generally has authority to bring a legal action. *See*, *e.g.*, Ind. Code § 30-4-3-15 ("The trustee may maintain in his representative capacity a civil action for any legal or equitable remedy against a third person that he could maintain in his own right if he were the owner."). *And see* Ind. R. Trial P. 17(A)(1):

> An executor, administrator, guardian, bailee, *trustee of an express trust*, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute *may sue in his own name without joining with him the party for whose benefit the action is brought*, but stating his relationship and the capacity in which he sues.

---

[2] The Trust asserts United did not designate the trust instrument as evidence to support its argument the Trust lacked standing – rather, it says, "[United] cites the Trustee's signature page from the agreement to argue its point." (Reply Br. of Appellant and Br. of Appellee at 12.) The Trust offers no argument or authority to support its apparent position that a signature page is not part of a trust document or that a provision is not binding just because it appears on the signature page, and we decline to so hold. We previously addressed the significance of the content of signature pages:

> The identification of the co-signers as Cloverleaf's personal guarantors, *the signature pages,* the notarization of those signatures *and the initialing of the signature pages by their counsel* necessarily lead to the conclusion that the co-signers guaranteed payment under the lease and agreed to be bound by its terms. Put another way, the co-signers have, through their own words and signatures, admitted that they were personal guarantors.

*Boonville Convalescent Ctr., Inc. v. Cloverleaf Healthcare Services, Inc.*, 790 N.E.2d 549, 557 (Ind. Ct. App. 2003) (emphasis added), *on reh'g in part*, 798 N.E.2d 248 (Ind. Ct. App. 2003), *trans. denied*.

4

(Emphasis added.) But that authority exists only if the terms of the trust permit:

> *Except as provided in the terms of the trust* . . . a trustee has the power to . . . prosecute or defend actions, claims, or proceedings for the protection of:
> (A) trust property; and
> (B) the trustee in the performance of the trustee's duties.

Ind. Code § 30-4-3-3. The terms of the Trust before us do not permit it to sue for back rent.

The Trust next argues that "even if there were any issue as to the Trustee's standing," (Reply Br. of Appellant and Br. of Cross-Appellee at 13), United was not entitled to summary judgment because the "Trust beneficiaries have participated in this litigation, and stand ready (if required) to ratify the Trustee's actions and/or join as co-plaintiffs." (*Id*. at 14.)

We decline the Trust's invitation to hold dismissal for lack of standing is necessarily improper just because a non-party who might have standing purportedly "stands ready" to join the lawsuit. We note that during this litigation, United tried to join as defendants the Trust beneficiaries. The Trust strenuously objected, filing a ten-page document captioned "Plaintiff's Objections to the Joinder of Non-Parties and Insertion of Unrelated Claims." (App. at 1962-72.) It relied on a provision of the trust document[3] to the effect the lease did not create personal liability on the part of the beneficiaries. That objection suggests the beneficiaries do not, in fact, "stand ready . . . [to] join as co-plaintiffs," (Reply Br. of Appellant and Br. of Cross-Appellee at 14), and we cannot find the Trust has standing on that

---

[3] The provision on which the Trust relied is found on the signature page of the trust document, which page the Trust now appears to argue carries no legal weight.

5

ground.

As the Trust is not a party with "a substantive right to enforce the claim that is being made in the litigation," *In re Custody of G.J.*, 796 N.E.2d at 759, its lawsuit should have been dismissed. We accordingly reverse the trial court's denial of United's motion to dismiss.

Reversed.

KIRSCH, J., and NAJAM, J., concur.