**Rickey BROWN, Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below).**

No. 49S00–9705–CR–345.

Supreme Court of Indiana.

Aug. 31, 1998.

Janet S. Dowling, Indianapolis, for Appellant.

Jeffrey A. Modisett, Attorney General, Randi E. Froug, Deputy Attorney General, Indianapolis, for Appellee.

BOEHM, Justice.

Viewed most favorably to the verdict, the evidence at trial showed that on the night of February 19, 1996, defendant Rickey Brown got into an argument over use of a television set with Sylvia Hayworth in her home in Indianapolis. Hayworth shared the home with her boyfriend and his friend Darryl Jones. Brown lived across the street. The argument escalated and Brown shot both Hayworth and Jones in the head. Jones died at the scene and Hayworth died that night at

a local hospital. A jury convicted Brown of two counts of murder[1] and one count of carrying a handgun without a license, a Class A misdemeanor.[2] The trial court imposed the maximum sentence of sixty-five years on each murder count, to be served consecutively, and one year on the handgun count, to be served concurrently to one of the murder convictions, for a total of 130 years imprisonment.

Brown's direct appeal raises several issues related to his sentence. These include the trial court's failure to find his surrender to authorities to be mitigating, the adequacy of the sentencing statement, and the reasonableness of the sentence. Our jurisdiction arises under Article VII, Section 4 of the Indiana Constitution due to the length of the sentence for each murder conviction. We affirm.

■ The legal principles governing this appeal are well settled. The decision to enhance a presumptive sentence or to impose consecutive sentences for multiple offenses is generally within the trial court's discretion. *Marshall v. State*, 621 N.E.2d 308, 322 (Ind. 1993). The same reasons may be relied on to support an enhanced sentence and consecutive sentences. *Williams v. State*, 690 N.E.2d 162, 172 (Ind.1997). When imposing an enhanced sentence, the trial court must identify all significant aggravating and mitigating circumstances, give specific reasons why each factor is so identified, and balance the aggravating and mitigating circumstances to determine whether the former outweigh the latter. *Carter v. State*, 686 N.E.2d 1254, 1263 (Ind.1997). The presumptive term for murder in this case is fifty-five years. It may be increased or decreased by a maximum of ten years. IND.CODE § 35–50–2–3 (1998). Although the aggravating factors are not neatly packaged in the trial court's sentencing statement, the court in sum found: (1) Brown has "a prior history of violence" illustrated by a conviction of attempted voluntary manslaughter; and (2) an attempt at rehabilitation by early release from prison for that offense was, as the crimes here demonstrate, unsuccessful. The

court also emphasized "the particular heinous facts in this case ... the killing of two (2) people over nothing. A television, maybe. How ridiculous that a person has to die over a television, property, or money, or crack." All of this also adds up to a conclusion that Brown's character and the circumstances of the crime warranted enhanced and consecutive sentences.

■ Brown first argues that the trial court misstated his prior criminal record in making these findings. According to the presentence report, Brown was convicted of attempted voluntary manslaughter in 1989. At the sentencing hearing, the court stated that Brown "does have a prior history of violence. And I don't care how you phrase it, if the charge was voluntary manslaughter or attempted voluntary manslaughter, it is a criminal homicide. Criminal homicide with a weapon." The court also noted that after Brown was given an early release from prison for the 1989 conviction, "he went out and killed two (2) more people." Pointing to these statements, Brown maintains that the court "continued to treat the prior offense as if it were a completed homicide." Brown's contention amounts to a quibble with the terminology used to describe the prior offense. As the above quoted language indicates, the court was clearly aware of the nature of the 1989 conviction; moreover, before the sentence was imposed, defense counsel was allowed to argue that the prior offense involved an attempted homicide only. The statements that Brown cites convey that the prior offense, even if only an attempt crime, illustrated a capacity for violence that warranted enhanced and consecutive sentences. That is good enough.

■ Brown also attacks the finding that the prior offense was committed with a "weapon." However, Brown points to nothing in the record supporting a contrary conclusion. The presentence report appears to be the basis for the trial court's finding on this point. The report described the facts underlying the 1989 conviction:

---

**1.** IND.CODE § 35–42–1–1 (1993).

**2.** IND.CODE § 35–47–2–1 (1998).

[T]he defendant reportedly became angry with an elderly man. He reportedly drove his automobile into a building where the victim was sitting, in an attempt to run him over. After crashing the vehicle into a building, the defendant reportedly exited the vehicle and began beating the victim. When the victim produced a 38 cal. handgun and attempted to protect himself, the defendant took the pistol away and shot at the victim.

At the sentencing hearing, defense counsel objected to the report's statement that Brown "shot at" the victim: "Mr. Brown indicates that's not all that happened. That's not what is in the probable cause affidavit for that case. It is not a finding of the Court. That was simply wrong.... [Brown] just simply disputes the facts about that case contained in the presentence." It is well established that the defendant generally has the onus of pointing out any factual inaccuracies in the presentence report. IND.CODE § 35–38–1–12(b) (1998). *See also Gardner v. State,* 270 Ind. 627, 634, 388 N.E.2d 513, 517–18 (1979) ("[T]he assertions in the [presentence] report will be accepted as true unless challenged by the defendant") (construing predecessor statute). Brown's objection did not squarely focus the court on the claim he raises in this appeal. The objection was, among other things, that Brown's firing the gun at the victim was not "all that happened." In any event, the trial court had wide discretion in deciding whether to rely on the presentence report. *Idle v. State,* 587 N.E.2d 712, 714 (Ind.Ct.App.1992). And Brown ignores the obvious point that his use of a car as a weapon, as described in the report, demonstrates a capacity for violence even if, as he now claims, he did not shoot at the victim. *See Johnson v. State,* 455 N.E.2d 932, 936 (Ind.1983) (an automobile can be a "deadly weapon"). Under these circumstances, we find no error in the court's conclusion that the prior offense illustrated that Brown had a "pattern" of "aggressive violent behavior" that warranted enhanced and consecutive sentences.

■ Brown next maintains that the trial court erroneously considered victim impact evidence in determining the sentence. Hayworth's parents and sister testified at the sentencing hearing, and each recommended that the maximum sentence be imposed. Alluding to this testimony, the court stated: "The victim's representatives in this case do recommend an aggravating [sic] sentence." Both parties assume that Brown's claim is controlled by *Mitchem v. State,* 685 N.E.2d 671 (Ind.1997), which involved the propriety of sentence enhancements based on victim impact evidence, not recommendations of victims' families as to the appropriate sentence. The victims' or their representatives' recommendations are not the same thing as evidence of the impact of the crime on the victim. Recommendations of this sort "are not mitigating or aggravating factors as those terms are used in the sentencing statute," but they may nonetheless "properly assist a court in 'determining what sentence to impose for a crime.'" *Edgecomb v. State,* 673 N.E.2d 1185, 1199 (Ind.1996) (quoting from IND.CODE § 35–38–1–7.1(a)). Accordingly, even if the recommendations of Hayworth's family were considered here, there was no error.

The trial court found the following factors to be mitigating in this case: (1) Brown led a law-abiding life for his first twenty-eight years; (2) he went to high school and college; and (3) he served three years in the United States Army and was honorably discharged. Brown asserts that the court erred in not finding his surrender to authorities to be an additional mitigating factor. On the night of the shootings—February 19, 1996—Brown fled the murder scene and was initially at large. He surrendered the next day to local law enforcement authorities in Tennessee (where he apparently had relatives) and eventually waived extradition to return to Indiana to face charges. The State argues that Brown failed to present this as a basis for mitigation at the sentencing hearing, and even if he had done so, a different sentence would not have resulted. The State correctly observes that this factor is not listed as a statutory mitigating circumstance. IND.CODE § 35–38–1–7.1(c) (1993).

■ The standard of review on this issue is well settled. The trial court is not required to accord the same weight to miti-

gating factors as the defendant does, but failure to find a factor to be mitigating that is clearly supported by the record may indicate that evidence on the point was overlooked. *Crawley v. State,* 677 N.E.2d 520, 523 (Ind. 1997). Any factors not found to be mitigating do not have to be listed nor is an explanation required as to why mitigating circumstances were not found. *Id.*

■ Three cases that Brown cites in which the defendant's surrender to authorities was found to be mitigating are not on point. *Evans v. State,* 598 N.E.2d 516 (Ind. 1992) held that the defendant's decision to report his crimes immediately and his surrender to police were entitled to "substantial mitigating weight." *Id.* at 519. However, the defendant there also "freely confessed" and testified to the events surrounding the crime. *Id.* Here, by contrast, Brown did not report the crimes, confess, or otherwise explain why he acted as he did. Brown next points to *Hurt v. State,* 657 N.E.2d 112 (Ind. 1995). In *Hurt,* the trial court cited the defendant's surrender in imposing concurrent rather than consecutive sentences as to two of four counts. *Id.* at 115. *Hurt* correctly concluded that this was an appropriate consideration; however, it does not stand for the proposition that the trial court must give the defendant's surrender any weight at all or, if so, how much. Indeed, in rejecting the challenge to the sentence, *Hurt* reiterated the settled principle that "reasonable minds may differ on what sentence is appropriate in any given case." *Id.* at 114 (internal quotation marks and citation omitted).

Brown also relies on *Brewer v. State,* 646 N.E.2d 1382 (Ind.1995). In that case, the defendant completely escaped detection for a murder for almost fifteen years before walking into a police station in 1993 and confessing to the crime. An investigation of the 1978 killing had proved "fruitless." *Id.* at 1384. Here, by contrast, Brown was identified by an eyewitness and targeted as a suspect within hours after the crimes and before he resurfaced in Tennessee the day after the shootings. Thus, it cannot be said, as in *Brewer,* that but for Brown's surrender, prosecution likely would not have occurred. In this respect, today's case is more analo-

gous to *Battles v. State,* 688 N.E.2d 1230 (Ind.1997), where the defendant cited *Brewer* for the proposition that his surrender to authorities should have been given some mitigating weight. *Battles* distinguished *Brewer* on the ground that "there was evidence linking the defendant to the crime almost immediately." *Id.* at 1237. Although eventual capture and prosecution of Brown may not necessarily have been the foregone conclusion described in *Battles,* the trial court was in the best position to assess the weight, if any, to give Brown's decision to surrender. We find no abuse of the court's substantial discretion in determining and weighing mitigating circumstances.

■ The next contention is that the sentencing statement did not adequately set forth the objectives to be achieved by the sentence imposed. *See, e.g., Jones v. State,* 600 N.E.2d 544, 548 (Ind.1992). We disagree. The gist of the statement was that a lengthy sentence was required to keep Brown off the streets because his past behavior indicated that he was a significant threat to society. This was a valid, indeed required, consideration in passing sentence on Brown. IND.CODE § 35–38–1–7.1(a)(1) (1993) (the court "shall" consider "the risk that the person will commit another crime"). As to the sentencing statement generally, the trial court elaborated aggravating and mitigating circumstances, set forth reasons supporting those findings, and concluded that the aggravating circumstances outweighed the mitigating circumstances and warranted enhanced and consecutive sentences. The sentencing statement was adequate.

■ Finally, Brown asserts that the sentence is manifestly unreasonable. The Indiana Constitution gives this Court express authority to "review and revise the sentence imposed." IND. CONST. art. VII, § 4. The extent of this review is governed by Indiana Appellate Rule 17(B), which provides that a sentence authorized by statute will not be revised "except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 17(B). Accordingly, when a sentence is challenged as manifestly unreasonable, "the issue is not whether

in our judgment the sentence is unreasonable, but whether it is clearly, plainly, and obviously so." *Prowell v. State,* 687 N.E.2d 563, 568 (Ind.1997), *petition for cert. filed,* —— U.S.L.W. —— (U.S. May 26, 1998) (No. 97–9215). The argument in support of this contention is nothing more than a restatement of the claims of error discussed above and presents no serious effort to meet Rule 17's high threshold. Brown's prior criminal history alone supported an enhanced sentence. *Fugate v. State,* 608 N.E.2d 1370, 1374 (Ind.1993). The trial court's conclusion that Brown's was a "heinous" crime is amply supported by the evidence and is another valid aggravating circumstance. *Beason v. State,* 690 N.E.2d 277, 282–83 (Ind.1998). Brown does not assert that the three mitigating factors were given insufficient weight. Indeed, enhanced and consecutive sentences for multiple murders have been upheld in prior cases presenting similarly egregious facts. *Cf. Fisher v. State,* 671 N.E.2d 119 (Ind.1996) (defendant fatally shot two people in a hotel room and wounded a third; consecutive sentences totaling 173 years for two counts of murder, one count of attempted murder, and one count of criminal recklessness were not manifestly unreasonable). Today's case is another in that line. The sentence is not manifestly unreasonable.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.