Michael HILL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A05–0010–CR–411.

Court of Appeals of Indiana.

June 12, 2001.

Alan K. Wilson, Muncie, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Michael Hill (Hill), appeals the sentence imposed on him by the trial court.

We affirm in part and remand in part.

### ISSUES

On appeal Hill raises issues of whether the trial court improperly interpreted the law concerning suspended sentences when imposing an enhanced sentence and wheth-

er the trial court considered inappropriate aggravating circumstances.

## FACTS AND PROCEDURAL HISTORY

On April 22, 1992, Hill submitted a check to a store called Ross Corner, located in Muncie, Indiana, and asked that it be cashed. The check was drawn on Heritage Hall Christian School and it was in the amount of $387.41. Hill had no authority to be in possession of the check.

On June 9, 1992, the State filed an information alleging that Hill committed forgery, a Class C felony, Ind.Code § 35–43–5–2(1). On August 4, 2000, the State filed an additional count alleging that Hill received stolen property, a Class D felony, Ind.Code § 35–43–4–2(b).

As a result of his April 22, 1992 actions, on August 10, 2000, Hill entered a guilty plea for receiving stolen property.[1] On September 25, 2000, a sentencing hearing was held. At the sentencing hearing, the trial court held as follows:

> In considering any sentence to be imposed, the Court needs to consider the risk that the defendant would commit another crime, whether that's of a high or a middle or low risk. [I]t would appear to the Court that indeed there is a high risk that the, high probability that the defendant will commit another offense. And, we, predict the future on the basis of the past. There's a past record. And, since he's been an adult at least since 1991, we have several significant violations, operating a vehicle while intoxicated, failure to pay for traffic violation, indefinite license suspension, failure to pay traffic violation, seat belt violation. And, then in 92, forgery, attempted forgery, pled guilty to attempted theft. [T]hen you have again in 92 in June, forgery, receiving stolen property, and that is this cause. And, then about a week, within a week from this particular offense, you have a forgery in Madison County, received a four year sentence there, with two suspended. And, then he was apprehended basically with regard to this charge, after he was arrested in New York. We have this criminal possession of controlled substance. [A]nd, on the basis of the defendant's attitude toward he's [sic] past, I do these things which take a great deal of forethought and planning and skill, that is I, I, create the false commercial paper, the checks. I see that they are printed. I see that they are drawn on religion [sic] institutions. The theory being that if it's drawn upon a religious institution most likely will be cashed by the person you intend to defraud. And, he's had some success in that regard at least in this county. [C]onsequently, this is a crime against public confidence in commercial paper. If everybody did that or if people did it to a substantial degree, you would in essence, achieve the, the end of commercial paper and the use of commercial paper in the society. And, obviously, our commerce can not [sic] function without it. So, it is a crime against public confidence in commercial paper. There is a high probability that he'll commit another offense. He is talented in that particular direction, as far as being able to create the paper that he needs. [H]e has no remorse, particularly for the offense that the Court notes. [I]mposition of a reduced sentence given the circumstances of this particular case, the thoughtfulness that had to go into his planning and the particular institutions that are utilized in his method of defrauding the public. [H]e is certainly in need of correctional or rehabilitative treatment that is best provided within

---

1. On September 25, 2000, the forgery charge against Hill was dismissed.

the secure confines of a penal facility. [H]e always finds a reason for doing something wrong. And, that is ultimately, he always finds an excuse for acting why he did, whether his excuse be revenge or whether it be the fact that a family member is ill. [T]here is always a ready excuse. And, in essence, the Court doesn't accept, or believe them. [A]ccordingly, the Court does follow the recommendations of the Probation Officer. The defendant is sentenced to the Indiana Department of Corrections [sic] for three years. He is to be given credit for time served. And, the Court believes that to be two hundred and fifty six (256) days, through today. Now, that's the determination of the Court at this particular time. Now, he is assessed a hundred and twenty five ($125.00) dollars Court costs and he is to pay restitution to his victim . . .

(R. 126–127).

Additionally, on September 25, 2000, the trial court entered its written Sentencing Order. In pertinent part, the Order stated as follows:

1) The following mitigating circumstances exist:—

(A) The defendant stated he is willing to make restitution to the victim in this cause.

2) The following aggravating circumstances exist:—

(A) The defendant has a history of criminal behavior.

(B) Imposition of a reduced or suspended sentence would depreciate the seriousness of the offense.

(C) The defendant is in need of correctional or rehabilitative treatment that is best provided by a penal facility.

(D) There is a high probability that the defendant will commit another offense.

(E) The victim has requested the defendant receive the maximum sentence.

(R. 73).

Hill now appeals.

## DISCUSSION AND DECISION

Hill argues that the trial court improperly concluded that it had to impose, at least, a minimum executed sentence upon him and improperly considered three aggravating circumstances when sentencing him.

### Standard of Review

In *Sims v. State*, 585 N.E.2d 271, 272 (Ind.1992), our supreme court held the following:

Our standard of reviewing a sentence is well established. Sentencing is conducted within the discretion of the trial court and will be reversed only upon a showing of a manifest abuse of that discretion. It is within the discretion of the trial court to determine whether a presumptive sentence will be increased or decreased because of aggravating or mitigating circumstances. A sentence authorized by statute will not be revised except where the sentence is manifestly unreasonable. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. When a sentencing court enhances a presumptive sentence, the record "must demonstrate that the determination was based upon the consideration of the facts of the specific crime, the aggravating and mitigating circumstances involved, and the relation of the sentence imposed to the objectives

which will be served by that sentence." The trial court's statement must identify all significant mitigating and aggravating circumstances, include a specific reason why each circumstance is mitigating or aggravating, and weigh mitigating circumstances against the aggravating factors.

*Id.* (citations omitted).

### Sentencing

First, Hill argues that the trial court improperly concluded that it had to impose, at least, a minimum executed sentence upon him. During the August 10, 2000 guilty plea hearing, the judge, prosecutor, and defense counsel discussed the effect of a prior unrelated Class C felony conviction imposed upon Hill. The prior unrelated felony occurred in March 1992. Hill was not arrested for the offense until March 1998, and he was not sentenced until April 1999. This offense apparently occurred only a few weeks before Hill committed the present offense on April 22, 1992. With this in mind, the trial court concluded as follows:

> Okay. [I]f this offense were committed prior to the other one, I think that I would, I would be, I couldn't utilize the enhancement and be, my authority to suspend sentence would not be limited would be the best way to put it. [T]his occurring afterward my authority to suspend your sentence in all likelihood is limited.

(R. 93).

It is Hill's position that the trial court erred in reaching this conclusion. Hill argues that the trial court improperly interpreted Ind.Code § 35–50–2–2(b)(3), in determining that its authority to suspend his sentence would most likely be limited. We agree.

Ind.Code § 35–50–2–2(b)(3) provides:

(b) With respect to the following crimes listed in this subsection, the court may suspend only that part of the sentence that is in excess of the minimum sentence:

\* \* \*

(3) The crime committed was a Class D felony and less than three (3) years have elapsed between the date the person was discharged from probation, imprisonment, or parole, whichever is later, for a prior unrelated felony conviction and the date the person committed the Class D felony for which the person is being sentenced. However, the court may suspend the minimum sentence for the crime only if the court orders home detention under IC 35–38–1–21 or IC 35–38–2.5–5 instead of the minimum sentence specified for the crime under this chapter.

As previously stated, prior to the instant offense, Hill committed a Class C felony in March 1992. He was arrested for this crime in 1998 and sentenced for this crime in 1999. Thus, Hill was not **discharged** from probation, imprisonment, or parole for the prior unrelated felony at the time the instant offense occurred. *See* Ind. Code § 35–50–2–2(b)(3).

 Ind.Code § 35–50–2–2(b)(3) envisions a prior unrelated felony being committed, the defendant being charged and convicted for the prior unrelated felony, the defendant being completely discharged from probation, imprisonment, or parole for the prior unrelated felony, and then the defendant commits a Class D felony within three years of complete discharge of the prior unrelated felony. Hill was not even arrested on the prior unrelated felony until March 1998. Therefore, it is impossible to find that he was discharged from the prior unrelated felony for less than three years

before the Class D felony was committed. Accordingly, we find that the trial court improperly concluded that at least half of Hill's sentence was not suspendable. When a trial court errs with reference to whether a sentence is or is not suspendable, the case must be remanded for resentencing. *See Henning v. State*, 477 N.E.2d 547, 552–553 (Ind.1985).

### Aggravating Factors

Next, Hill claims that the "[i]mposition of a reduced or suspended sentence would depreciate the seriousness of the offense," (R. 73), cannot be used as a basis for enhancing a sentence. We agree.

In *Gregory–Bey v. State*, 669 N.E.2d 154, 159 (Ind.1996), our supreme court held:

> the Indiana Code also allows a trial court to consider as an aggravator the possibility that a reduced sentence might depreciate the seriousness of a crime. This factor cannot be used, however, as the basis for a sentence enhancement; it "may be used only when considering the imposition of a sentence of shorter duration than the presumptive sentence."

*Id.* (citations omitted).

 As both Hill and the State agree, it does not appear that the trial court was considering a sentence shorter than the presumptive in this case. Therefore, we find the trial court's use of this aggravator to be improper. However, we should note that when a trial court improperly applies an aggravating circumstance, a sentence enhancement may still be upheld if other valid aggravating circumstances exist. *Hackett v. State*, 716 N.E.2d 1273, 1278 (Ind.1999).

In his third argument, Hill maintains that the trial court failed to provide a statement as to why it believed he needed a period of rehabilitative incarceration in excess of the presumptive sentence. In support of his argument, Hill cites to *Hollins v. State*, 679 N.E.2d 1305, 1308 (Ind. 1997), in which our supreme court held that a "trial court must provide a specific or individualized statement of the reason why this defendant was in need of correctional and rehabilitative treatment that could best be provided by a period of incarceration in a penal facility in excess of the presumptive sentence term."

 We find that the trial court provided a specific or individualized statement of reason when it held:

> [H]e is certainly in need of correctional or rehabilitative treatment that is best provided within the secure confines of a penal facility. [H]e always finds a reason for doing something wrong. And, that is ultimately, he always finds an excuse for acting why he did, whether his excuse be revenge or whether it be the fact that a family member is ill. [T]here is always a ready excuse. And, in essence, the Court doesn't accept or believe them.

(R. 127). Consequently, we find that the trial court's use of this aggravating factor was appropriate.

 Finally, Hill contends that the trial court improperly used, as an aggravating factor, the victim's request that he receive the "maximum sentence." (R. 73). Hill asserts that this aggravator is not factually supported by the record, since the victim requested that he receive a "severe" penalty for his actions. (R. 19). Though the word "severe" is different from the word "maximum," we believe that it can be inferred that the victim wanted Hill to be punished harshly for his crime. Thus, we find that the record does support the trial court's finding that the victim wanted the "maximum sentence" imposed upon Hill.

Hill additionally maintains that this aggravator is inappropriate because a victim's recommendation is neither a mitigator nor an aggravator. While it is true that recommendations of this sort are not mitigating or aggravating factors, they may, nonetheless, assist the trial court in determining what sentence to impose for a crime. *Brown v. State*, 698 N.E.2d 779, 782 (Ind.1998). Accordingly, although the trial court listed the recommendation of the victim as an aggravating factor, any error in doing so was harmless because it is proper to consider such recommendations in sentencing. *See id.*

### Conclusion

Hill pled guilty to receiving stolen property, a Class D felony. Ind.Code § 35–50–2–7(a) provides:

> "A person who commits a Class D felony shall be imprisoned for a fixed term of one and one-half (1 1/2) years, with not more than one and one-half (1 1/2) years added for aggravating circumstances or not more than one (1) year subtracted for mitigating circumstances. In addition, he may be fined not more than ten thousand dollars ($10,000)."

Hill was sentenced to the Indiana Department of Correction for 3 years. Obviously, this sentence exceeds the presumptive sentence of 1 ½ years. When a trial court imposes an enhanced sentence, the trial judge must find at least one aggravator. *Morgan v. State*, 675 N.E.2d 1067, 1073 (Ind.1996). Though we found that the trial court inappropriately found two aggravating factors, a sentence enhancement may still be upheld if other valid aggravating circumstances exist. *See Hackett*, 716 N.E.2d at 1278. We find that the trial court found three valid aggravating factors. Therefore, we do not find that the trial court abused its discretion in sentencing Hill because of its use of inappropriate aggravating factors. *See Sims*, 585 N.E.2d at 272.

However, as stated above, we find that the trial court improperly concluded that at least half of Hill's sentence was not suspendable. Inasmuch as it is apparent that the trial court was under an erroneous conception that precluded its consideration of suspending any part of Hill's sentence, we remand this cause for the sole purpose of such consideration. *See Henning*, 477 N.E.2d at 553. In all other respects, we affirm the judgment of the trial court.

Affirmed in part and remanded in part.

FRIEDLANDER, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

I fully concur except with the statement of the majority that "it is proper to consider ... recommendations [of victims for a severe or maximum sentence]." Op. at 279. Although this conclusion is derived from *Brown v. State*, 698 N.E.2d 779, 782 (Ind.1998), citing *Edgecomb v. State*, 673 N.E.2d 1185, 1199 (Ind.1996), it is my view that the sentencing authority should not be influenced by the frequently vindictive emotions and motivations of crime victims, no matter how understandable those feelings and wishes might be.

It is certainly appropriate to consider the circumstances of the crime including perpetration of injury both physical and psychological upon the victim. It is quite another thing to inferentially adopt the wishes of a victim for a harsh punishment when the sentencing authority would otherwise not impose such a sentence.