**BOONVILLE CONVALESCENT CENTER, INC., Appellant–Plaintiff,**

v.

**CLOVERLEAF HEALTHCARE SERVICES, INC. Cloverleaf Healthcare of Boonville, IN., Wanda Prock, Theodore E. Bruzas, Charline Bruzas, George A. Smith, Trela C. Smith, James L. Smith, Sharon K. Smith, William T. Rees, Helen L. Rees, Paul S. Hulse, Mihoko Hulse, Tim J. Shrout, Kimberly Shrout, Paul C. Ade, Ruth Ade, and Bruce H. Whitehead, Appellees–Defendants.**

No. 32A05–0301–CV–44.

Court of Appeals of Indiana.

Nov. 3, 2003.

J. Gordon Gibbs, Jr., Hinkle & Gibbs, Danville, IN, Gene R. Leeuw, John Mead, Leeuw Oberlies & Campbell, Indianapolis, IN, Attorneys for Appellant.

Malcolm C. Mallette, Brian C. Fritts, Krieg DeVault, LLP, Indianapolis, IN, Attorneys for Appellees.

## OPINION ON REHEARING

BAKER, Judge.

This case comes before us on a petition for rehearing filed by the appellees-defendants Cloverleaf Healthcare Services, Inc., (CHS) *et al.* (collectively referred to as the appellees), requesting that we reconsider our decision in *Boonville Convalescent Center, Inc. v. Cloverleaf Healthcare Services, Inc.,* 790 N.E.2d 549 (Ind.Ct.App. 2003).

In our original opinion, we reversed the trial court's grant of summary judgment in favor of CHS because the designated evidence failed to show that the appellant-plaintiff, Boonville Convalescent Center, Inc., (Boonville), released the appellees from their obligations under a lease agreement. In the appeal, Boonville had argued that the appellees remained personally liable on a guaranty they had executed regarding the lease that related to the operation of a nursing home facility. In the opinion, we observed that there was no showing "that Boonville acted in any manner that would manifest acceptance of a surrender of the . . . lease so as to release the obligor and/or assignee under that lease." *Id.* at 556.

On rehearing, the appellees advance several arguments including, among other things, that we misstated that "the trial court had granted summary judgment to the appellees" on the basis of the guaranty. *Id.* at 557. Based upon our further consideration of the record, we agree with

the proposition that no such summary judgment was entered for the individual defendants "based upon their not being personal guarantors of the Lease." Appellee's Petition for Rehearing at 12. As the appellees point out in their petition for rehearing, the Notice of Appeal did not appeal the denial of Boonville's 2001 motion for summary judgment as to the status of the individual defendants under the lease. However, it may be inferred that the trial court in effect released the personal guarantors when it concluded in its order that the lessees and earlier sublessees were released. Even so, because Boonville had never indicated an acceptance of a surrender of the lease, our holding that the personal guarantors are liable remains unaffected.

Thus, we now grant rehearing for the limited purpose of striking the above-quoted portion of the opinion so as to avoid any confusion with respect to the holding in the case. That said, we deny the petition for rehearing in all other respects and stand by our original opinion.

SULLIVAN, J., and DARDEN, J., concur.