**William L. WHITE, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A04–0508–CR–494.

Court of Appeals of Indiana.

May 26, 2006.

Marce Gonzalez, Jr., Merrillville, for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MAY, Judge.

William L. White, Jr., appeals his sixty-six year cumulative sentence for fifteen Class B felony convictions. He questions whether the trial court erred in ordering the sentences served consecutively when the court implicitly found the mitigating circumstances outweighed the aggravating circumstances. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On December 21, 2004, while armed with a shotgun, White confined Parthenia Ford, Timothy Newell, and Theresa Johnson, and took money and cell phones from Ford and Johnson. On December 23, 2004, while armed with a shotgun, White confined Kathy Proffitt, Trista Breneman, and Alan Hart, and took money from Hart and Proffitt. On December 27 or 28, 2004, while armed with a shotgun, White took purses containing credit cards and cell phones from Caroline Haric and Paula Freyman, took a wallet containing money and credit cards from Kevin McKinley, took a purse containing money, a debit card and a camera from Elizabeth Freyman, and attempted to take a purse from Gina Stokes.

For the events of December 21, the State charged White with three counts of confinement as Class B felonies[1] and two counts of robbery as Class B felonies.[2] For his actions on December 23, the State charged White with three counts of Class B felony confinement and two counts of Class B felony robbery. For the final set of acts, the State charged White with four counts of Class B felony robbery and one count of Class B felony attempted robbery.

White pled guilty to all fifteen charges without a plea agreement. The court ini-tially sentenced White to eighty-six years imprisonment. One month later, the court held a hearing and then modified White's sentence in an order that provided:

In order to avoid a manifest injustice, the Court now modifies the sentence in the above cause as follows:

1. Count I: Robbery-seven and one-half (7½) years consecutive with Count II, but concurrently with Counts III, IV and V.

2. Count II: Robbery-seven and one-half (7½) years consecutive with Count I, but concurrently with Counts III, IV and V.

3. Count III: Confinement-six (6) years concurrent with Counts I, II, IV and V;

4. Count IV: Confinement-six (6) years concurrent with Counts I, II, III, and V.

5. Count V: Confinement-six (6) years concurrently with Counts I, II, III and IV.

The Court orders the defendant committed to the Department of Correction for a term of fifteen (15) years. Said sentence is ordered served consecutively with the sentences imposed in Cases: 45G01–0412–FB–00111 and 45G01–0412–FB–00112. The Court orders the defendant committed to the Department of Correction for a total term in all case[s] to sixty-six (66) years.

The reason[s] for the modification of sentence, pursuant to I.C. 35–38–1–17(a) are as follows:

1. On June 10, 2005, the defendant was sentenced to an aggregate term of eighty-six (86) years.

2. This aggregate sentence involved fifteen (15), Class B felony convictions, to which the defendant had pled guilty

---

1.  Ind.Code § 35–42–3–3.

2.  Ind.Code § 35–42–5–1.

without the benefit of a negotiated plea agreement.

3. The defendant was 19 years of age at the time of sentencing and his criminal history was absent of any adult misdemeanor or felony convictions, and the defendant did not have any juvenile adjudications.

4. The defendant was addicted, according to the presentence investigation report, to illegal controlled substances and sufficient weight was not given to the defendant in mitigation in light of this addiction.

5. A combination of consecutive and concurrent sentences are nevertheless appropriate given the nature and circumstances of the crimes committed.

6. However, the interests of justice cannot support an eighty-six (86) year aggregate sentence given the defendant's admission of responsibility to each of the crimes committed.

Therefore, the defendant's sentence is now reduced as noted above, the result of which is an aggregate sentence, for all fifteen (15) Class B felony convictions, of sixty-six (66) years.

(App. at 105–6.)

## DISCUSSION AND DECISION

■■■ White challenges his sixty-six year sentence for fifteen Class B felonies. We review a trial court's sentencing decision for an abuse of discretion. *Hayden v. State*, 830 N.E.2d 923, 928 (Ind.Ct.App. 2005), *trans. denied* 841 N.E.2d 184 (Ind. 2005).[3] If a trial court uses aggravating or mitigating circumstances to modify the presumptive sentence, the trial court must: (1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance is determined to be mitigating or aggrava-

ting; and (3) articulate its evaluation and balancing of the circumstances. *Id.* The trial court's assessment of the proper weight of mitigating and aggravating circumstances and the appropriateness of the sentence as a whole is entitled to great deference and will be set aside only on a showing of a manifest abuse of discretion. *Id.* at 929. Even a single aggravating circumstance may support the imposition of an enhanced sentence or consecutive sentences. *Id.* at 932.

At the time of White's crimes, the presumptive sentence for a class B felony was ten years, and the court was permitted to add up to ten years for aggravating circumstances or subtract up to four years for mitigating circumstances. Ind.Code § 35–50–2–5 (2004). The court sentenced White to between six and seven and a half years for each conviction. Thus, White asserts, the trial court must have found the mitigators outweighed the aggravators.

After giving White less than the presumptive sentence for each count, the court ordered some of the sentences served consecutively, such that his total sentence was sixty-six years. This, White argues, was improper under *Marcum v. State*, 725 N.E.2d 852 (Ind.2000):

> Marcum argues that his seventy-one year "sentence is erroneous and manifestly unreasonable because it lacks logic, *i.e.*, on the one hand the trial court found that the aggravating and mitigating circumstances were balanced, but in contrast, the trial court imposed consecutive sentences." The trial court imposed the presumptive term on three counts (murder, attempted murder, and conspiracy to commit burglary), the minimum six-month sentence for theft as a Class D felony, and the maximum term of three years for each of the auto theft

---

3. For reasons that will become apparent later in the discussion, we note the trial court in *Hayden* explicitly found the aggravators out-weighed the mitigators and then imposed consecutive presumptive sentences for Hayden's five convictions.

counts. Before imposing sentence, the trial court identified Marcum's youthful age as the sole mitigating circumstance. Although it did not initially identify any aggravating circumstances, in response to a query from defense counsel after imposing sentence the trial court stated, "This was a series of incidents, events or occurrences, a crime of spree." The trial court specifically found that "the aggravating and mitigating circumstances are in fact in balance," but ordered that the murder, conspiracy, and two auto theft counts be served consecutively.

In order to impose consecutive sentences, the trial court must find at least one aggravating circumstance. *See Morgan v. State*, 675 N.E.2d 1067, 1073 (Ind.1996). The same aggravating circumstance may be used to both enhance a sentence and justify consecutive terms. *See, e.g., Taylor v. State*, 710 N.E.2d 921, 925 (Ind.1999); *Brown v. State*, 698 N.E.2d 779, 781 (Ind.1998). Here, however, because the trial court found the aggravating and mitigating circumstances to be in balance, there is no basis on which to impose consecutive terms. Accordingly, this case is remanded to the trial court with direction to impose concurrent sentences on all counts.

*Id.* at 863–64. White argues if a trial court may not order a defendant to serve consecutive sentences when finding the aggravators and mitigators are in equipoise, it should not be able to order consecutive sentences when the mitigators outweigh the aggravators. After reviewing *Marcum* and considering the decisions cited by the State,[4] we must agree with White.

The State argues:

The sentencing orders and the trial court's comments at re-sentencing establish that the trial court found as significant aggravating circumstances justifying the imposition of consecutive sentences the nature and circumstances of the crimes, the number of separate offenses, the number of separate victims, the use of a deadly weapon, and the manner in which it was used. (App. 34, 71, 106; Tr. at 136, 137).

(Br. of Appellee. at 7.)

We acknowledge the trial court found aggravators that could support consecutive sentences if the court had entered a finding regarding the balancing of the aggravators and mitigators to support the order. We also acknowledge the trial court did not explicitly find the mitigators outweighed the aggravators when it sentenced White to reduced sentences. Nevertheless, we recognize the clear directive from our Indiana Supreme Court that a trial court may not order sentences served consecutively if the balancing of the aggravators and mitigators are in equipoise, such that a defendant is entitled to presumptive sentences.[5] *Marcum*, 725

---

**4.** The State cites three decisions in which the Indiana Supreme Court or this court upheld orders for consecutive presumptive sentences. However, the Indiana Supreme Court case was decided before *Marcum*, and thereby does not call into question the validity of *Marcum*. *See Chambers v. State*, 478 N.E.2d 1234 (Ind.1985). The two decisions from this court came after *Marcum*, but they make no mention of *Marcum*. This leads us to conclude no argument based on *Marcum* was raised. *See Ware v. State*, 816 N.E.2d 1167 (Ind.Ct.App.2004); *Vennard v. State*, 803

N.E.2d 678 (Ind.Ct.App.2004), *trans. denied* 812 N.E.2d 803 (Ind.2004). As those panels did not address *Marcum*, we decline the State's invitation to read them as precedent that distinguished *Marcum*.

**5.** We do not intend to imply a trial court cannot ever order presumptive sentences, or even reduced sentences, served consecutively. If a court finds the aggravators outweigh the mitigators such that consecutive sentences are appropriate, the court still may order presumptive or reduced sentences. The State

N.E.2d at 864 ("because the trial court found the aggravating and mitigating circumstances to be in balance, there is no basis on which to impose consecutive terms"). Because the trial court did not explain why the balancing of the aggravators and mitigators justified the imposition of consecutive minimal sentences, we are constrained to hold this trial court abused its discretion in ordering some of the sentences served consecutively when its implicit balancing of the aggravators and mitigators led it to impose sentences shorter than the presumptive.

We reverse and remand for the trial court to resentence White in a manner that comports with *Marcum*. We note the sentence imposed on remand could be the same sentence we reverse herein, if the court supports its sentence with appropriate findings.

Reversed and remanded.

FRIEDLANDER, J., and CRONE, J., concur.

would, of course, have the opportunity to    object thereto.