James F. PLUMMER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 92A03–0601–CR–42.

Court of Appeals of Indiana.

July 28, 2006.

J. Brad Voelz, Warsaw, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

James Plummer appeals from his sentence after he pleaded guilty to Child Molesting, as a Class A felony, and Sexual Misconduct with a Minor, as a Class B felony. He presents one issue for our review, namely, whether the trial court abused its discretion when it sentenced him.[1]

We affirm.

### FACTS AND PROCEDURAL HISTORY

On August 29, 2005, the State charged Plummer with one count of child molesting, as a Class A felony, and one count of sexual misconduct with a minor, as a Class

B felony. The State claimed that Plummer committed child molestation between June 24, 1998 and June 24, 2001 and that he committed sexual misconduct with a minor between September 13, 2002 and September 13, 2004. The State claimed that the victims were Plummer's daughters. On November 7, 2005, Plummer pleaded guilty to both counts. At the sentencing hearing, the trial court identified two aggravating circumstances, namely, that Plummer had violated a position of trust with his victims and that the incidents comprising the charges against him were not isolated incidents. The trial court also identified two mitigating circumstances, namely, that Plummer did not have a criminal history and that he had accepted responsibility and expressed remorse. The trial court imposed the presumptive sentence of thirty years on the child molesting conviction and the presumptive sentence of ten years on the sexual misconduct with a minor conviction. The court ordered those sentences to run consecutively. This appeal ensued.

### DISCUSSION AND DECISION

#### Blakely

Plummer contends that the trial court abused its discretion when it ordered his sentences to run consecutively. Specifically, he claims that the trial court abused its discretion when it relied on aggravating circumstances not admitted by him or found by a jury in violation of the Sixth Amendment. See Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We cannot agree.

1. Plummer correctly notes that a reviewing court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Brief of Appellant at 8 (quoting Ind. Appellate Rule 7(B)). But because he fails to develop that argument, we do not address it.

Plummer maintains that the trial court abused its discretion when it imposed consecutive sentences because he neither admitted nor did a jury determine (1) that he had violated a position of trust; and (2) that the incidents were not isolated. But in *Smylie v. State*, 823 N.E.2d 679, 686 (Ind.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 545, 163 L.Ed.2d 459, our Supreme Court held that the imposition of consecutive sentences does not implicate *Blakely*. In particular, our Supreme Court held in relevant part:

> The trial court's sentencing of Smylie to consecutive terms after finding an aggravating circumstance did not increase the sentence above the statutory maximum for each offense. There is no constitutional problem with consecutive sentencing so long as the trial court does not exceed the combined statutory maximums.

*Id.* Thus, Plummer's consecutive sentences do not violate *Blakely*.

### Consecutive Sentences

■■■ Plummer also claims that the trial court abused its discretion when it imposed consecutive sentences. We review a trial court's sentencing decisions for an abuse of discretion. *Hayden v. State*, 830 N.E.2d 923, 928 (Ind.Ct.App.2005), *trans. denied.* " '[T]o impose consecutive sentences, a trial court must find at least one aggravating circumstance.' " *Cuyler v. State*, 798 N.E.2d 243, 246 (Ind.Ct.App. 2003) (quoting *Ortiz v. State*, 766 N.E.2d 370, 377 (Ind.2002)), *trans. denied.* Moreover, if a trial court imposes consecutive sentences when not required to do so by statute, the trial court must explain its reasons for selecting the sentence imposed, including: (1) the identification of all significant aggravating and mitigating circumstances; (2) the specific facts and reasons that lead the court to find the existence of each such circumstance; and (3) an articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determining the sentence. *Id.* (citing *Ortiz*, 766 N.E.2d at 377).

■■■ Because "findings to support consecutive sentences can be made by the court," *Bryant v. State*, 841 N.E.2d 1154, 1158 (Ind.2006), "the only possible question regarding the propriety of the consecutive sentences is whether or not there were sufficient aggravating circumstances to support the decision to run the sentences consecutively[,]" *id.* at 1157. Here, the trial court determined that Plummer "violated a position of trust by victimizing his children." Transcript at 16. We have previously held that abusing a position of trust can be a valid aggravating circumstance. *Thomas v. State*, 840 N.E.2d 893, 903 (Ind.Ct.App.2006), *trans. denied.* Because Plummer molested his two daughters, the trial court did not abuse its discretion when it relied on this aggravating circumstance to impose consecutive sentences.[2]

■■■ As a further aggravating circumstance, the trial court noted that the incidents were not isolated, but were part of a series of molestations. Although the

---

2. Plummer claims that because the charging information referred to the victims as "Jane Doe" and "Mary Doe," the State did not present evidence to establish that the victims were indeed Plummer's daughters. However, during the sentencing hearing the State declared that Plummer "molested his adopted children repeatedly, independently and jointly, on some occasions. At a time ... when they needed adult figures to protect them, their adopted father was forcing them to engage in sexual activity with him." Transcript at 15. Plummer did not object to the State's claim that the victims were his daughters and, thus, has waived this claim on appeal.

court did not use the phrase "nature and circumstances" of the crime when it sentenced Plummer, that was clearly the import of its statement. The mandatory considerations in former Indiana Code Section 35–38–1–7.1(a)(2) require the trial court to consider the nature and circumstances of the crime when it determines what sentence to impose. Although a trial court may not use a material element of the offense as an aggravating circumstance, it may find the nature and circumstances of the offense to .be an aggravating circumstance. *See Lemos v. State,* 746 N.E.2d 972, 975 (Ind.2001). Further, to enhance a sentence using the nature and circumstances of the crime, the trial court must detail why the defendant deserves an enhanced sentence under the particular circumstances. *Vasquez v. State,* 762 N.E.2d 92, 98 (Ind.2001).

Here, the trial court stated that Plummer "exploited both of these children, both physically and emotionally." *Id.* at 16. Then, it noted that the incidents were "not isolated events, but part of a series of molestations.... [A] concurrent sentence is [not] appropriate." *Id.* These statements encompass more than the elements of the crimes. Therefore, the trial court did not abuse its discretion when it relied on the nature and circumstances of the crimes to impose consecutive sentences.

▮▮▮ Next, Plummer maintains that the trial court abused its discretion when it did not "acknowledge and consider [his] employment history" as a mitigator. Brief of Appellant at 12. A finding of mitigating circumstances lies within the trial court's discretion. *Widener v. State,* 659 N.E.2d 529, 533 (Ind.1995). The trial court is not obligated to explain why it did not find a factor to be significantly mitigating. *Chambliss v. State,* 746 N.E.2d 73, 78 (Ind. 2001). Indiana law, however, mandates that the trial judge not ignore facts in the record that would mitigate an offense, and a failure to find mitigating circumstances that are clearly supported by the record may imply that the trial court failed to consider them properly. *Id.* But the sentencing court is not required to place the same value on a mitigating circumstance as does the defendant. *Beason v. State,* 690 N.E.2d 277, 283–84 (Ind.1998). The allegation that the trial court failed to find a mitigating circumstance requires Plummer to establish that the mitigating evidence is both significant and clearly supported by the record. *See Dowdell v. State,* 720 N.E.2d 1146, 1154 (Ind.1999). Here, Plummer has not satisfied his burden that his employment history is significantly mitigating.

Plummer also alleges that the trial court did not consider the mandatory sentencing considerations in former Indiana Code Section 35–38–1–7.1(a). In particular, he claims that the trial court did not consider "the risk that [he would] commit another crime" and his "character and condition[.]" Brief of Appellant at 13. Again, we cannot agree.

As we noted above, a judge must identify all *significant* aggravating and mitigating factors in a sentencing statement. *See Bryant,* 841 N.E.2d at 1156. And here, it is evident that the trial court did not find the risk that Plummer would commit another crime significantly aggravating or mitigating. Further, Plummer's claim that the trial court abused its discretion when it did not consider this factor requires him to establish that the mitigating evidence is both significant and clearly supported by the record. *See Dowdell,* 720 N.E.2d at 1154. Although he asserts that it is significantly mitigating, in part, because he had never been arrested or convicted of a crime, the trial court noted this when it identified his lack of a criminal history as a mitigating circumstance. Thus, Plummer

has not satisfied his burden of demonstrating that the trial court abused its discretion.

Plummer also maintains that the trial court did not consider his "character and condition." Brief of Appellant at 13. Specifically, he alleges that the trial court abused its discretion because it did not consider his "significant employment history and his age." *Id.* But, again, the trial court is only required to identify *significant* aggravating and mitigating circumstances. *See Bryant,* 841 N.E.2d at 1156. And because Plummer has not demonstrated that the mitigating evidence is both significant and clearly supported by the record, *see Dowdell,* 720 N.E.2d at 1154, the trial court did not abuse its discretion when it did not accord mitigating weight to his employment history and age.

■■■ In addition, Plummer contends that the trial court abused its discretion because it did not balance the aggravating and mitigating circumstances. However, "[a] sentence enhancement will be affirmed in spite of a trial court's failure to specifically articulate its reasons if the record indicates that the court engaged in the evaluative processes...." *Buzzard v. State,* 712 N.E.2d 547, 554 (Ind.Ct.App. 1999), *trans. denied.* Here, the trial court stated:

> [Y]ou exploited both of these children, both physically and emotionally. You should have been shedding some tears at the time you contemplated committing these acts against these children, instead of shedding tears now at your sentencing hearing. I will echo what [your attorney] said, that you have taken responsibility for your actions, once you were caught and did not require these

children to go through any further harm, by being compelled to testify and appear at depositions. But, obviously, very, very significant damage has been done to them and you need to be punished for that. [I] find as a mitigating circumstance [that] the defendant has no prior criminal history. A second mitigator, [sic] that he has accepted responsibility for his acts and expressed remorse. I'll find as aggravators, that he violated a position of trust, by victimizing his children. Second aggravator, are [sic] that these are not isolated events, but part of a series of molestations by the defendant as to each of these victims. Further [sic] find that the events took place at distinct times as to each victim. Based upon these aggravating circumstances ... I do not believe a concurrent sentence is appropriate. A consecutive sentence for each crime, for each separate victim, is entirely appropriate. As to each of the offenses, I believe the [presumptive] sentence is the correct sentence, based on the fact that the defendant has no prior criminal history.

Transcript at 16.

■■ The above statement demonstrates that the trial court considered and balanced the aggravating and mitigating circumstances. That is, even though the trial court did not specifically state that the aggravators outweighed the mitigators, the record indicates that the court engaged in an evaluative process, *see Buzzard,* 712 N.E.2d at 554, and deemed presumptive, consecutive sentences appropriate.[3] Thus, the trial court did not abuse its discretion when it sentenced Plummer.

**3.** Even where a court orders presumptive or reduced sentences, it may still impose consecutive sentences if it finds that the aggravators outweigh the mitigators such that consecutive

sentences are appropriate. *See White v. State,* 847 N.E.2d 1043, 1047 n. 5 (Ind.Ct.App. 2006).

In sum, Plummer's *Blakely* claim is without merit because the imposition of consecutive sentences does not implicate *Blakely*. *See Smylie*, 823 N.E.2d at 686. Further, the trial court did not abuse its discretion when it identified all significant aggravating and mitigating circumstances and determined that presumptive, consecutive sentences were appropriate.

Affirmed.

SHARPNACK, J., and ROBB, J., concur.