**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 30 2014, 9:50 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**HUGH N. TAYLOR**
Auburn, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

**LYUBOV GORE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| NICOLAS DUESLER, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 76A03-1311-CR-454 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE STEUBEN COUNTY SUPERIOR COURT
The Honorable William C. Fee, Judge
Cause No. 76D01-1209-FB-953

**July 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Nicolas Duesler had sexual intercourse on several occasions with a fourteen-year-old girl who was mentally significantly younger than that. Duesler was found guilty by a jury of four counts of Class B felony sexual misconduct with a minor. The trial court sentenced him to twelve years, with two years suspended and one and one-half years of probation for each count, to be served consecutively, for an aggregate term of forty years. Duesler now appeals his sentence, arguing that the trial court abused its discretion by not finding mitigating circumstances and his sentence is inappropriate. We find that there is no abuse of discretion and Duesler's sentence is not inappropriate. We therefore affirm the trial court.

**Facts and Procedural History**

M.S. had only been fourteen years old for one week when her babysitter and trusted family friend, Duesler, began having sex with her. Tr. p. 180. M.S. turned fourteen on July 16, 2012, and although she has the physical development of an average fourteen-year-old girl, M.S. has a mild cognitive disability and a mentality significantly younger than fourteen years old. *Id*. at 225, 340. She is below grade level academically, and while an average IQ for a fourteen year old falls around 100, M.S.'s IQ is somewhere below 70. *Id*. at 225-26. In July 2012 M.S. was living in her grandmother's home in Steuben County, Indiana, along with her parents, aunt, and cousins. *Id*. at 174, 308. M.S.'s aunt began dating Duesler in June 2012; Duesler was twenty-seven years old at the time. *Id*. at 26, 276. Duesler stayed in M.S.'s aunt's room at M.S.'s grandmother's house and babysat M.S. and her three cousins while the other adults were at work. *Id*. at 176.

Approximately one week after M.S.'s birthday, Duesler took her and her thirteen-year-old cousin O.C. to his apartment. *Id*. at 180, 238. Once they arrived, Duesler sent O.C. to retrieve "something" and also gave him cigarettes and "spice." *Id*. at 240, 242. "Spice" was an illegal substance, which Duesler had taught O.C. to smoke out of a "little pipe thing." *Id*. at 242. Duesler then took M.S. to his bedroom, took their clothes off, put her on his bed, got on top of her, and had sex with M.S. *Id*. at 180-81. Afterwards, they got dressed and walked back to M.S.'s grandmother's house with O.C. *Id*. Although the timing is unclear, Duesler took M.S. to his apartment two more times in the month of July and followed the same routine. *Id*. at 182-85. Each time, Duesler took M.S.'s clothes off, placed her on his bed, and had sex with her. *Id*. And each time, Duesler took O.C. along but sent him away once the three arrived at Duesler's apartment. *Id*. Duesler had sex with M.S. a fourth time in M.S.'s aunt's room at her grandmother's house while M.S.'s cousins were downstairs. *Id*. at 186. Duesler told M.S. "not to tell anybody or he would go to jail" because she was "underage." *Id*. at 188. M.S. never told anyone what was occurring because she "felt scared" and "thought [she'd] get in trouble." *Id*. at 187. M.S. wrote about her feelings for Duesler in her journal. *Id*. In September 2012 M.S.'s parents discovered that M.S. had been sexually assaulted and took her to be tested for pregnancy and sexually transmitted diseases. *Id*. at 221, 252-53.

The State charged Duesler with four counts of Class B felony sexual misconduct with a minor. Appellant's App. p. 219-22. After a jury trial, Duesler was found guilty on all four counts. *Id*. at 14. At the sentencing hearing, several people testified on behalf of Duesler, including Duesler's mother, brother, and grandmother, as well as the pastor at the

3

Church of Garrett and a volunteer from the in-jail ministry Duesler participated in. Tr. p. 325-35. Testimony from his mother, brother, and grandmother communicated that Duesler was very close to his family and always did what he could to help his family in a time of need. *Id*. Testimony from the pastor and the in-jail ministry volunteer described Duesler's building of relationships with the members of the Church of Garrett and participation in the ministry. *Id*. Duesler, however, denied committing the offense; he stated that M.S. "had a crush on him" and that after M.S.'s aunt and he broke up, M.S. "was devastated and fantasized about him." Appellant's App. p. 238 (PSI p. 10). Duesler refused to acknowledge any wrongdoing and stated he felt "[c]heated." *Id*. at 238, 240 (PSI p. 10, 12). The trial court found the following as aggravating circumstances: Duesler's extensive criminal history, which included fourteen felony convictions and nine misdemeanor convictions, his previous probation violations and other opportunities courts have offered him, and the fact that he committed the crimes in a position of care, control, and trust over M.S. Tr. p. 339-40; Appellant's App. p. 232-37 (PSI p. 4-9). As mitigating circumstances, the trial court acknowledged that Duesler had a courtroom full of family and friends in his support and that he had been actively participating in bible study and in-jail ministry, stating:

> Now . . . I have listened to your family and obviously you have family that is willing to be there for you under any set of circumstances. That's a wonderful thing. That's a good thing and I appreciate their willingness to take the witness stand and stand up for you today and testify for you. . . . [W]e also heard from the leader of the bible study, the in-jail ministry, and your pastor from Garrett and that's a very good thing. I'm glad that you have that support structure. I'm glad that you've taken steps to try to direct your life in a different situation. One of the things that I'm mindful for, mindful of is that in order to do that, really, you have to be accountable and so the truth of what has happened has to meet up with your faith plan, your

intentions and so, the Court, is happy that you have that support and it's important for you to redirect your behavior and it's, in fact, a critical factor in my determination whether to put you on probation yet again because you haven't been successful in the past being on probation. . . . [T]he fact that you seem to be moving in that direction at least while you've been incarcerated is a positive thing that certainly we would like to see continue.

Tr. p. 341-42. The trial court ultimately found that the aggravators substantially outweighed the mitigators, and that the aggravators supported consecutive sentencing. *Id*. at 342. The court sentenced Duesler to twelve years, with two years suspended and one and one-half years of probation, for each count. Appellant's App. p. 62. The court ordered the sentences to run consecutively, for an aggregate term of forty years. *Id*.

Duesler now appeals his sentence.

## Discussion and Decision

Duesler raises two issues on appeal. First, he contends that the trial court failed to identify mitigators. Second, he contends that his sentence is inappropriate.

## I. Abuse of Discretion

In general, sentencing lies within the discretion of the trial court. *McKinney v. State*, 873 N.E.2d 630, 645 (Ind. Ct. App. 2007) (citing *Henderson v. State*, 769 N.E.2d 172, 179 (Ind. 2002)), *transfer denied*. As such, we review sentencing decisions only for an abuse of discretion, including a trial court's decision to increase or decrease the presumptive sentence because of aggravating or mitigating circumstances. *Id.* One way that a trial court may abuse its discretion is if the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007) *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). The relative weight or value assignable to mitigators and aggravators is not subject to review for abuse of

5

discretion. *Id*. The finding of mitigating factors is within the discretion of the trial court. *McKinney*, 873 N.E.2d at 645 (citing *Cotto v. State*, 829 N.E.2d 520, 525 (Ind. 2005)). A trial court is not obligated to weigh or credit the mitigating factors in the manner a defendant suggests they should be weighed or credited. *Id.* "The allegation that the trial court failed to find a mitigating circumstance requires [the defendant] to establish that the mitigating evidence is both significant and clearly supported by the record." *Id.* (quoting *Plummer v. State*, 851 N.E.2d 387, 391 (Ind. Ct. App. 2006)).

Duesler first argues that the trial court failed to identify the redirection of his life while incarcerated as a mitigator. However, the trial court clearly elaborated on what it found as mitigators and discussed at length its pleasure with the fact that Duesler was trying to change his behavior, stating, "I'm glad that you've taken steps to try to direct your life in a different situation" and "the fact that you seem to be moving in that direction at least while you've been incarcerated is a positive thing that certainly we would like to see continue." Tr. p. 341-42. Further, the court explained that this particular mitigator was "in fact, a critical factor in [the trial court's] determination whether to put [Duesler] on probation." *Id*. at 341. Thus, it is apparent that the court identified the steps Duesler had taken while incarcerated to redirect his life as a mitigator. Duesler's second argument that the trial court should have taken into account his family, church, and the in-jail ministry or Duesler's "support structure" as a mitigating circumstance fails as well. The court clearly considered this, and stated in reference to his family and church, "I appreciate their willingness to take the witness stand and stand up for you today and testify for you. . . . I'm glad that you have that support structure." *Id*. To the extent that Duesler is essentially

6

asking this Court to reweigh this mitigating circumstance, *see* Appellant's Br. p. 12; as stated before, the relative weight or value assignable to mitigators and aggravators is not subject to review for abuse of discretion. *Anglemyer*, 868 N.E.2d at 491.

Last, Duesler argues that the court should have considered as a mitigator that he was unlikely to commit this offense again. However, looking at his criminal history and the fact that he has violated practically every probation given, this argument is also unsuccessful. Despite identifying mitigators, the trial court found that Duesler's extensive criminal history, probation violations, and position of control and trust over M.S. substantially outweighed any mitigating circumstance. We find no omissions of mitigating circumstances that are clearly supported by the record and were advanced for consideration. *Id*. We therefore find no abuse of discretion and affirm the trial court.

## II. Inappropriate Sentence

The Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decisions. *Brown v. State*, 10 N.E.3d 1, 4 (Ind. 2014). "We implement this authority through Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision we find the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Id*. (quotations omitted). "We have long said that sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008) (citing *Morgan v. State*, 675 N.E.2d 1067, 1072 (Ind. 1996)). In determining whether a sentence is appropriate the court looks at the culpability of the defendant, the severity of the crime,

the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224. Duesler bears the burden on appeal of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Appellate courts may consider all aspects of the penal consequences imposed by the trial judge in sentencing the defendant, including the suspended portion of the sentence. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

As to the nature of the offenses, there is no dispute that Duesler preyed on a fourteen-year-old girl with the mentality of a child significantly younger than that, and had sex with her four times. He then coerced her not to tell her family by stating he would go to jail if anyone found out, because she was underage.

In evaluating Duesler's character, this Court has stated that "[t]he significance of a criminal history in assessing a defendant's character is based on the gravity, nature, and number of prior offenses in relation to the current offense." *Boling v. State*, 982 N.E.2d 1055, 1060 (Ind. Ct. App. 2013) (citing *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007)). Even a minor criminal history is a poor reflection of a defendant's character. But Duesler does not have a minor criminal history. He has fourteen felony convictions and nine misdemeanor convictions. Appellant's App. p. 232-37 (PSI p. 4-9). His criminal history includes multiple battery and domestic battery convictions, including a juvenile offense against his own mother. *Id.* at 232, 236-37, 240 (PSI p. 4, 8-9, 12). Further, Duesler has violated practically every probation he has been placed on. *Id.* at 232-237 (PSI p. 4-9).

The trial court sentenced Duesler to twelve years, with two years suspended and one and one-half years of probation, for each count, for an aggregate term of forty years. Indiana Code section 35-50-2-5 states a person who commits a Class B felony shall be imprisoned for a fixed term of between six and twenty years, with the advisory sentence being ten years. Duesler's four twelve-year sentences fall within these limits. And not only did Duesler receive two years suspended on each count, but the suspended amount means that Duesler will serve only the advisory sentence of ten years for each count. In light of the gravity of his offenses, Duesler's criminal character, and the advisory sentence imposed for each count, we find that Duesler's sentence is not inappropriate. We therefore affirm the trial court.

Affirmed.

NAJAM, J., and BROWN, J. concur.