**Nathan D. FEENEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 79A02–0609–CR–823.**

Court of Appeals of Indiana.

Oct. 2, 2007.

Jason W. Bennett, Kyle B. Mandeville, Bennett Boehning & Clary LLP, Lafayette, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Nathan Feeney ("Feeney") appeals his cumulative forty-year sentence for his convictions on ten counts of burglary as a Class B felony, which consists of four consecutive and six concurrent ten-year sentences. He contends that the sentence is inappropriate in light of the nature of his offenses and his character under Indiana Appellate Rule 7(B). We agree and therefore revise Feeney's sentence to fourteen years, with ten years executed in the Indiana Department of Correction, two years served with Tippecanoe County Community Corrections, and two years on supervised probation.

### Facts and Procedural History

After Feeney, who was eighteen years old at the time, committed a string of crimes between May 19, 2005, and August 15, 2005, the State charged him with forty-three felony counts, including nineteen counts of burglary as a Class B felony[1] (Counts I, III, V, VII, IX, X, XII, XIV, XVI, XVIII, XXII, XXIV, XXVI, XXVII, XXX, XXXI, XXXIV, XXXVII, and XL), twenty-two counts of theft as a Class D felony,[2] conspiracy to commit burglary as a Class B felony,[3] and conspiracy to commit theft as a Class D felony.[4] Pursuant to a plea agreement, Feeney agreed to plead guilty to ten counts of burglary as a Class B felony, and the State agreed to dismiss all remaining counts. The parties agreed to leave sentencing to the discretion of the trial court.

At the sentencing hearing, the trial court remarked:

> [T]he fact that you're nineteen years old can be a mitigating factor if it's a case where you've made a mistake, but these are not mistakes. This is something that you planned to do because you've

---

1. Ind.Code § 35–43–2–1.

2. Ind.Code § 35–43–4–2.

3. Ind.Code § 35–41–5–2; I.C. § 35–43–2–1.

4. I.C. § 35–41–5–2; I.C. § 35–43–4–2.

dedicated yourself to a life a crime. I mean, maybe you think you're Billy the Kid who was twenty-one years old when he died, after terrorizing the west. Again, I don't know what you're thinking and, you know, I hope that's not something that give[s] you comfort to think you've done so many bad things at such a young age.

Tr. p. 49. The court then stated, "I think that the number, the sheer number of burglaries requires something more than the minimum sentence and requires consecutive sentences." *Id.* at 51. In its written sentencing statement, the trial court identified three aggravating circumstances: the number of burglaries, Feeney's lack of candor in his "cleanup statement" and polygraph examination, and the fact that Feeney had been selling drugs. Furthermore, despite its suggestion at the sentencing hearing that Feeney's young age is not a mitigating factor given the circumstances of this case, the trial court identified Feeney's age as a mitigating factor. Finally, the court found that "the mitigating factors and aggravating factors balance." *Id.* at 132.

The trial court entered judgments of conviction on Counts I, III, V, VII, IX, X, XII, XIV, XVI, and XVIII and sentenced Feeney to ten years for each count, with the sentences for Counts I, IX, X, and XVIII to run consecutively and all other sentences to run concurrently with those four sentences, for a total sentence of forty years. The trial court ordered Feeney to serve thirty years in the Indiana Department of Correction, four years with Tippecanoe County Community Corrections, and six years on supervised probation. Feeney now appeals.

## Discussion and Decision

On appeal, Feeney argues that his sentence is inappropriate in light of the nature of his offenses and his character under Indiana Appellate Rule 7(B).[5] Indiana Appellate Rule 7(B) states: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Purvis v. State,* 829 N.E.2d 572, 587 (Ind.Ct.App.2005) (internal citations omitted), *trans. denied, cert. denied,* 547 U.S. 1026, 126 S.Ct. 1580, 164 L.Ed.2d 310 (2006).

Before turning to the merits of Feeney's inappropriateness argument, we pause to comment on the trial court's imposition of consecutive sentences. In its written sentencing statement, the trial court explicitly found that "the mitigating factors and aggravating factors balance." Tr. at 132. Indiana's appellate courts have consistently held that when the trial court finds the aggravating and mitigating circumstances to be in balance, "there is no basis on which to impose consecutive terms." *Wentz v. State,* 766 N.E.2d 351, 359 (Ind. 2002), *reh'g denied* (quoting *Marcum v. State,* 725 N.E.2d 852, 864 (Ind.2000), *reh'g denied* ). Nonetheless, the trial court ordered four of Feeney's ten-year sentences to run consecutively. Ordinarily, such an order would require remand for the impo-

---

5.  Feeney also contends that his sentence violates Article I, § 18 of the Indiana Constitution, which provides that Indiana's penal code "shall be founded on the principles of reformation, and not of vindictive justice." Because we revise Feeney's sentence under Indiana Appellate Rule 7(B), we need not address this argument.

sition of concurrent sentences. But this is not an ordinary case.

■ First, inconsistencies between the trial court's oral and written statements reveal that its finding of balance may have been mistaken in the first place. That is, while the trial court identified Feeney's young age as a mitigating circumstance in its written sentencing statement, its oral statements at the sentencing hearing indicate that it did *not* find Feeney's age to be a mitigator. *See* Tr. p. 131 ("[T]he fact that you're nineteen years old can be a mitigating factor if it's a case where you've made a mistake, *but these are not mistakes.*" (emphasis added)). Second, while the trial court's finding of balance, in theory, precluded the imposition of consecutive sentences, the trial court clearly believed that consecutive sentences are justified. It stated, "I think that the number, the sheer number of burglaries requires something more than the minimum sentence and requires consecutive sentences." Tr. p. 51. When there exists a conflict between the trial court's oral and written sentencing statements, we have the option of crediting the statement that more accurately pronounces the trial court's findings. *See McElroy v. State,* 865 N.E.2d 584, 589 (Ind.2007). But here, we cannot decipher whether the trial court's imposition of consecutive sentences represents a simple error of law or if it implies a finding that the aggravators actually outweigh the mitigators.[6]

Under these circumstances, we could remand this case to the trial court for a new sentencing statement that clearly explains its finding of aggravating and mitigating circumstances and its reasons for imposing consecutive sentences. *Windhorst v. State,* 868 N.E.2d 504, 507 (Ind.2007). Another option we have is to exercise our authority to review and revise the sentence under Indiana Appellate Rule 7(B). *Id.* We do so here.

■ Looking first to the nature of Feeney's offenses, the sheer number of burglaries is seriously troubling. However, the State points to nothing particularly egregious about Feeney's burglaries. None of Feeney's offenses involved violence, or even the threat of violence, against another person. Furthermore, there is no indication that the State sought to introduce any evidence as to the value of any items allegedly stolen by Feeney.

Of greater concern to us is Feeney's young age and complete lack of juvenile delinquency adjudications and adult criminal convictions. First, while the trial court's comments at the sentencing hearing indicate that Feeney is unrepentant and perhaps even proud regarding his transgressions, the trial judge himself acknowledged that Feeney's self reports "are much worse than the subjective evidence shows." Tr. p. 50. Furthermore, Feeney was only eighteen years old when he committed these crimes, with no significant criminal background.[7] Feeney is certainly

---

6. This case is distinguishable from two recent opinions from this Court in which we affirmed the imposition of consecutive sentences where the trial court found certain aggravating and mitigating circumstances to be in balance but then went on to find the existence of multiple victims to constitute an additional aggravating circumstance. *See Lopez v. State,* 869 N.E.2d 1254, 1258–59 (Ind. Ct.App.2007), *trans. pending; Gleaves v. State,* 859 N.E.2d 766, 771 (Ind.Ct.App.2007).

Here, the trial court did not find the existence of multiple burglaries as an "additional" aggravating circumstance. Indeed, the trial court found the number of burglaries as one of the three aggravating factors that balanced with the mitigating factor of Feeney's age. *See* Appellant's App. p. 131–32.

7. Feeney's pre-sentence investigation report reveals that he has been charged with misdemeanor counts of possession of marijuana,

a young man in need of reformation, but a forty-year sentence is unduly harsh under the circumstances. Even if Feeney were to behave himself while incarcerated, he could still be in prison well into his late thirties, where, as his counsel states, he may very well end up under the tutelage of experienced criminals. We therefore find it appropriate to revise Feeney's sentence to fourteen years, with ten years executed in the Indiana Department of Correction, two years served with Tippecanoe County Community Corrections, and two years on supervised probation.

Reversed.

ROBB J., concurs.

SULLIVAN, Sr. J., concurs with separate opinion.

SULLIVAN, Sr. Judge, concurring.

The trial court specifically and clearly found that the aggravators and mitigators were in balance. From this, I am unable to conclude as does the majority that the court may well have determined to the contrary and that the "aggravators actually outweigh the mitigators." (Op. at 385).

I do however agree that the court did not use a free-standing "additional" aggravator as the basis for imposing consecutive sentences. The court utilized the "sheer number of burglaries" both as an aggravating circumstance in its balancing process and then re-used the same aggravator to impose consecutive sentences. This case, as noted by the majority, is therefore to be distinguished from *Lopez v. State,* 869 N.E.2d 1254 (Ind.Ct.App.2007).

This court has said: "Ordinarily, a single aggravating circumstance should not be used both to impose an enhanced sentence and consecutive sentences." *Lock-*

possession of paraphernalia, and operating a vehicle while never receiving a license. How-

*hart v. State,* 671 N.E.2d 893, 903 (Ind.Ct. App.1996); *Staton v. State,* 640 N.E.2d 741, 743 (Ind.Ct.App.1994). The sentencing court in this case, however, imposed the advisory ten year sentence on each Class B felony. It did not, therefore, both enhance the sentences and run them consecutively.

Subject to the above caveat, I concur in the revision of the sentences as set forth in the majority opinion.

**C.L.M., Appellant–Defendant,**

v.

ever, at the time of sentencing in this case, all of those charges were still pending.