Paul **QUIROZ**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 45A04–0712–CR–682.

Court of Appeals of Indiana.

May 9, 2008.

Transfer Denied July 10, 2008.

Stephen Bower, James N. Thiros, Cohen & Thiros, P.C., Merrillville, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Paul Quiroz appeals his twenty-six-year sentence for two counts of Class B felony aggravated battery. We affirm.

### Issue

Quiroz raises one issue, which we restate as whether the trial court should have applied the rule of lenity when it sentenced him.

### Facts

On December 3, 2005, Quiroz was involved in a bar fight during which he shot two people who suffered serious injuries. On December 8, 2005, the State charged Quiroz with two counts of Class A felony attempted murder, two counts of Class B felony aggravated battery, and two counts of Class C felony battery. The State also eventually alleged that Quiroz was an habitual offender.

On August 6, 2007, Quiroz pled guilty to the two counts of Class B felony aggravated battery and the State dismissed the remaining allegations against Quiroz. On October 10, 2007, the trial court sentenced Quiroz. The trial court considered as mitigating Quiroz's guilty plea and that he had earned his General Education Diploma while incarcerated. As aggravating, the trial court considered that Quiroz had an extensive criminal history, that prior leniency had not deterred his behavior, that he was on parole when he committed the offense, and that the two victims were significantly injured. The trial court sentenced Quiroz to thirteen years on each count and ordered them to be served consecutively based on his conduct, his prior felonies, his parole status, and the significant injuries suffered by the victims. Quiroz now appeals his twenty-six-year sentence.

### Analysis

Quiroz argues that the trial court improperly ordered his sentences to be served consecutively. In general, we review a trial court's decision to impose consecutive sentences for an abuse of discretion. *Frentz v. State*, 875 N.E.2d 453, 470 (Ind.Ct.App.2007), *trans. denied.* A consecutive sentence must be supported by at least one aggravating circumstance. *Id.*

Quiroz argues that because, at the time he pled guilty, the issue of whether enhanced consecutive sentences could be imposed was uncertain, the rule of lenity should be applied to his sentence. *See Mask v. State*, 829 N.E.2d 932, 937 (Ind. 2005) (observing that the rule of lenity requires criminal statutes to be strictly construed against the State). Indeed, at the time Quiroz pled guilty this court had issued conflicting opinions regarding whether a trial court could sentence a defendant to enhanced consecutive sentences under the prior version of Indiana Code Section 35–50–2–1.3.[1] *Compare White v. State*, 849 N.E.2d 735, 742 (Ind. Ct.App.2006) (concluding that a defendant may be sentenced to enhanced consecutive sentences), *trans. denied with Robertson v. State*, 860 N.E.2d 621, 624–25 (Ind.Ct.App. 2007) (concluding that a trial court could only sentence a defendant to advisory consecutive sentences). However, as the State points out, at the time Quiroz pled

---

1. In 2007, Indiana Code Section 35–50–2–1.3 was amended to avoid this confusion and permit the imposition of enhanced consecutive sentences.

guilty our supreme court had already granted transfer on *Robertson,* which was never certified and, prior to Quiroz's sentencing, our supreme court had reversed *Robertson. See Robertson v. State,* 871 N.E.2d 280, 286 (Ind.2007) ("In sum, the trial court was not required to impose the 'advisory' sentence for a class D felony when sentencing Robertson to a consecutive term. Rather, that sentence is governed by the provision in subsection 1.3(b) that the court is not required to use an advisory sentence.").

In his brief, Quiroz states that he "simply argues that given the instability in the law concerning sentencing, both on the federal and state level, that begun with *Apprendi* in 2000 and continues today, he should have the benefit of the Court of Appeals holding in *Robertson.*" Appellant's Br. p. 11 (footnote omitted). Although we acknowledge Quiroz's creativity in making this argument, we may not disregard our supreme court's precedent in *Robertson. See State v. Jackson,* 857 N.E.2d 378, 381 (Ind.Ct.App.2006).

Further, this is not a case in which fairness dictates that we apply the rule of lenity, as there is no indication that Quiroz relied on *Robertson* or was harmed by the split in the law. At the time of Quiroz's guilty plea hearing, even before our supreme court decided *Robertson,* Quiroz was repeatedly advised that he could be sentenced to an enhanced consecutive sentence of up to forty years. Likewise at his sentencing hearing, defense counsel acknowledged that if the trial court did not run the sentences concurrently Quiroz faced up to a forty-year sentence. With this in mind, we cannot conclude that the trial court abused its discretion in sentencing Quiroz to an enhanced sentence of twenty-six years.

## Conclusion

The trial court did not abuse its discretion in sentencing Quiroz to twenty-six years. We affirm.

Affirmed.

CRONE, J., and BRADFORD, J., concur.