**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 09 2013, 6:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEREMY K. NIX**
Matheny, Hahn, Denman & Nix, L.L.P.
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LARRY A. ROWE, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 35A02-1212-CR-1016 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HUNTINGTON CIRCUIT COURT
The Honorable Michael D. Rush, Senior Judge
Cause No. 35C01-1006-FB-154

**July 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Larry A. Rowe, Jr. ("Rowe") appeals his twelve-year sentence imposed by the trial court for his conviction for Class B felony burglary,[1] raising the following two restated issues:

I. Whether the trial court abused its discretion when it ordered that Rowe's sentence be served consecutively to his sentences in adjacent counties; and

II. Whether his twelve-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On April 2, 2010, in Huntington County, Indiana, Rowe broke into and entered the home of Mark and Heather Moore (together "the Moores") with the intent to commit theft. Rowe forced open a service door on the home's attached garage and, thereafter, entered the home through an unlocked door. The Moores were not home at the time. Rowe took from the master bedroom a number of pieces of jewelry and a Century brand personal safe that contained personal documents and silver dollar coins that had been in the Moores' family for generations. Rowe removed and used a pillowcase from their bed to carry items he stole from the house.

Three days later, on April 5, 2010, a daytime burglary occurred in Jay County. That same day, Rowe was stopped in Jay County on a traffic stop, and officers discovered inside his vehicle a television, several firearms, and pillow cases with jewelry boxes in them. Rowe agreed to speak with officers, and he confessed to an April 2, 2010 Wells County burglary

---

[1] *See* Ind. Code § 35-43-2-1.

2

and also admitted to burglarizing the Moores' home on April 2, 2010 in Huntington County. As part of his statement, he confessed to his method of entry into the Moores' home and provided other identifying details confirming it was the Moores' residence. He also told officers about a location in Delaware County where he had stored some of the Moores' items, which a Jay County Sheriff's Department officer later recovered.

On June 23, 2010, the State charged Rowe with one count of burglary for his actions on April 2, 2010 at the Moores' home. On October 8, 2012, Rowe pleaded guilty to the charge, and in exchange, the State agreed to cap the executed portion of his sentence at twelve years. At the subsequent sentencing hearing, Rowe argued for concurrent sentencing to burglary convictions out of Jay, Blackford, and Wells counties, highlighting to the trial court that he had given a voluntary statement to police, which reported his involvement in the Moores' burglary and led to the present charge. Rowe further noted that, in addition, he provided an address in Delaware County where some of the Moores' items could be found. Rowe provided documentation that, while incarcerated, he had obtained his General Education Diploma ("G.E.D."), and he agreed to pay restitution to the Moores.

After receiving argument and reviewing the presentence report, the trial court identified as an aggravating circumstance that Rowe had a criminal history with multiple felonies, mostly consisting of driving while suspended and some possession of controlled substances, and he also had accrued a number of misdemeanors. It also recognized as aggravators that he had a history of substance abuse, and he violated terms of probation and community corrections. The trial court identified as a mitigator that Rowe had earned his

3

G.E.D. The trial court sentenced Rowe to twelve years, and ordered that the sentence be served consecutive to three other burglary sentences out of Blackford, Jay, and Wells counties. Rowe now appeals.

## DISCUSSION AND DECISION

### I. Abuse of Discretion

Rowe argues that the trial court abused its discretion when it ordered that he serve his burglary sentence consecutive to several other burglary convictions out of neighboring counties. In general, we review a trial court's decision to impose consecutive sentences for an abuse of discretion. *Quiroz v. State*, 885 N.E.2d 740, 741 (Ind. Ct. App. 2008), *trans. denied*. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Gleason v. State*, 965 N.E.2d 702, 711-12 (Ind. Ct. App. 2012). A consecutive sentence must be supported by at least one aggravating circumstance. *Quiroz*, 885 N.E.2d at 741; *see also Gleason*, 965 N.E.2d at 711-12 (single aggravating circumstance may support imposition of consecutive sentences).

Here, the trial court found as aggravating circumstances that Rowe had a criminal record, had a history of substance abuse, and had violated his probation. Upon reviewing Rowe's presentence investigation report, the trial court counted eight prior felonies and thirteen misdemeanors, most of which were convictions for driving while suspended. Rowe argues that considering the fact that most of the misdemeanors were for driving while suspended, his prior criminal history "was not related in gravity or nature to the present

4

offense" and was "of limited significance." *Appellant's Br.* at 7, 8. The trial court disagreed, as do we. It stated,

> [W]hy would a judge care all that much about a bunch of driving while suspendeds. Let me tell you why. It's a symptom. It's a symptom that you don't care, that the rules don't apply to you. . . . You can do what you want[.] . . . All those driving while suspendeds is symptomatic of a person who simply doesn't care about our laws. Beyond that you have several burglaries. That also is a symptom of not caring. . . . Burglary, you don't care about other people, you don't care about their safety and their property and their ability to stay safe and secure in the home that they made for themselves. . . . So we have two situations here Mr. Rowe where you don't seem to care about the law or about other people.

*Tr.* at 12-13. In this case, the trial court identified several aggravating factors, and Rowe appears to challenge only the trial court's consideration of his criminal history. Thus, other unchallenged aggravators exist. As previously said, a single aggravator is sufficient to support consecutive sentences. *Frentz v. State*, 875 N.E.2d 453, 472 (Ind. Ct. App. 2007), *trans. denied* (affirming imposition of consecutive sentences, even though defendant argued his misdemeanor convictions were not sufficiently weighty or similar to current offense or were too stale to justify consecutive sentences).

Rowe also argues that, while the trial court identified as a mitigator that he earned his G.E.D. while incarcerated, the trial court failed to recognize other "valid mitigating circumstances." *Appellant's Br.* at 8. In particular, Rowe asserts that his agreement to make restitution to the Moores is a mitigating circumstance that the trial court should have recognized. Also, he claims that he demonstrated remorse when he voluntarily gave an admission to police in another county implicating him in the Moores' burglary. *Id.* at 7-8.

5

Determining mitigating circumstances is within the discretion of the trial court. *Rogers v. State*, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007), *trans. denied*. The trial court is not obligated to accept the defendant's arguments as to what constitutes a mitigating factor, and the court is not required to give the same weight to proffered mitigating factors as the defendant does. *Id.* An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Id*. at 272-73.

At the sentencing hearing, the trial court heard and received evidence that Rowe earned an apprenticeship certificate through the United States Department of Labor while working at the Department of Correction brake shop, receiving an "excellent" job performance review while there. *Appellant's App*. at 43-46. The trial court recognized the mitigating value, stating:

> I also accept the fact that uh, you have done some, some good things while you've been in the Department of Correction. . . . You've been put in the Indiana Department of Correction and you're doing what you're supposed to do. [Y]ou're supposed to have remorse, you're supposed to try and improve yourself and you're doing that, I commend you for that.

*Tr*. at 14. Thus, the record before us indicates that, contrary to Rowe's assertion that the trial court only considered one mitigating circumstance (that he earned his G.E.D.), the trial court also recognized as mitigating factors that Rowe was working at the Department of Correction and taking steps to improve himself while there. *Id*. at 14-15; *see also Appellant's App*. at 47 (trial court's sentencing statement referring to having evaluated aggravators and mitigators). The trial court determined that that the aggravating circumstances outweighed the mitigating

circumstances. *Tr.* at 15. To the extent that Rowe's argument is that the trial court improperly weighed the aggravating and mitigating factors, "*Anglemeyer* prohibits a veiled attempt to have aggravators and mitigators reweighed." *Hall v. State*, 944 N.E.2d 538, 541 (Ind. Ct. App. 2011), *trans. denied* (citing *Anglemeyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds*, 875 N.E.2d 218 (Ind. 2007)). Moreover, a trial court is not required to extend the same weight as the defendant would to mitigating circumstances. *Conley v. State*, 972 N.E.2d 864, 873 (Ind. 2012) (reviewing court gives great deference to trial court's determination of proper weight to assign to aggravating and mitigating circumstances). Rowe has failed to establish that the trial court abused its discretion when it sentenced him.

## II.    Inappropriate Sentence

Rowe next claims that his sentence is inappropriate in light of the nature of the offense and the character of the offender. We may revise a sentence authorized by statute if the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B); *Gleason*, 965 N.E.2d at 712; *Frentz*, 875 N.E.2d at 472. "[T]he length of the aggregate sentence and how it is to be served are the issues that matter. In the vast majority of cases, whether these are . . . concurrent or consecutive is of far less significance than the aggregate term of years." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). We exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Gleason*,

7

965 N.E.2d at 712. The defendant bears the burden of proving that the sentence is inappropriate. *Id.*

Rowe pleaded guilty to one count of Class B felony burglary, which has a sentencing range of six to twenty years. Ind. Code § 35-50-2-5. Consistent with his plea agreement, his sentence was capped at a maximum of twelve years, which is what the trial court imposed. It further ordered that the sentence be served consecutive to other recent burglary convictions in neighboring counties.

Here, Rowe appears to be challenging not his twelve-year aggregate sentence, but rather that it was ordered to be served consecutively to the sentences in Jay, Wells, and Blackford counties, asserting that neither the nature of the offense or his character support the trial court's imposition of consecutive sentences. *Appellant's Br.* at 9-10. However, our supreme court has said, "Our review of the sentence should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Gleason*, 965 N.E.2d at 712 (citing *Pierce v. State,* 949 N.E.2d 349, 352 (Ind. 2011)); *see also Cardwell*, 895 N.E.2d at 1224 (generally whether sentences are concurrent or consecutive is of less significance than aggregate term of years). Even assuming that the scope of Rowe's Indiana Appellate Rule 7(B) claim extends beyond the consecutive nature of his sentence, and after examining the nature of the offense and character of the offender, we find no error.

As for the nature of the offense, Rowe gained access to the Moores' home by forcefully breaking through their locked door. He went into their bedroom and took a safe

8

with personal documents and coins that had monetary and sentimental value, having been in the family for generations. He also took Mrs. Moore's jewelry, including items of particular sentimental value. Rowe argues that, because no one was home when he entered the home, there was not a likelihood of physical harm to the homeowners; however, there is nothing in the record before us to indicate that he knew the house was unoccupied when he entered it.

As for Rowe's character, he reminds us that he used his time at the Department of Correction to better himself and that he voluntarily provided information leading to the recovery of some of the Moores' belongings. However, the record also demonstrates that Rowe has repeatedly violated Indiana's laws, beginning in 1993. Although individually, his crimes are not particularly egregious, and his criminal history consists of many driving while suspended misdemeanors, it nevertheless illustrates a blatant and continued disregard of our laws. We further observe that the offenses appear to be escalating in severity, with the four burglaries in a short span of time. In sum, we are not persuaded that either the nature of Rowe's offense or his character justify revision of his sentence. *See Hall*, 944 N.E.2d at 542 (where defendant had committed multiple burglaries in multiple counties, ordering burglary sentence served consecutively to sentences in other counties not inappropriate).

Affirmed.

VAIDIK, J., and PYLE, J., concur.