**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**AIMEE C. SCHULTZ**
Portage, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KENNETH MORTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 64A05-1305-CR-222 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William E. Alexa, Judge
Cause No. 64D02-1102-FD-1301

**December 11, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Kenneth Morton appeals his sentence for four counts of class D felony Theft.[1] Morton raises the following issues on appeal:

1. Did the trial court abuse its discretion in imposing consecutive sentences?

2. Is Morton's sentence inappropriate in light of the nature of the offense and his character?

We affirm.

Morton helped establish two nonprofit organizations in Porter County, known as Rebuilding Portage Together and Portage Parks. Morton served as the treasurer for both organizations for twelve years, and he used his position to steal over $75,000 from the organizations. Morton wrote 95 checks to himself, totaling $46,500, from Rebuilding Portage Together, and 115 checks, totaling $29,859, from Portage Parks. Morton's crimes were discovered when the organizations went to change some names on the accounts and discovered that they contained less than $1,000. As a result of Morton's thefts, the organizations have had difficulty raising funds because donors are now skeptical of the organizations' ability to properly manage their accounts.

On February 15, 2011, the State charged Morton with four counts of class D felony theft. On October 29, 2012, Morton pleaded guilty to all four felonies. A sentencing hearing was held on January 28, 2013, at which the trial court sentenced Morton to an executed three-year term on the first count and suspended two-year terms on each of the three remaining counts, with all terms to be served consecutively. Thus, Morton received an aggregate term

---

[1] Ind. Code Ann. § 34-43-4-2 (West, Westlaw current with all 2013 legislation).

of nine years, with three years executed and six years suspended to probation. Morton was also ordered to pay $76,359 in restitution. Morton now appeals.

1.

As an initial matter, we note that the State argues that Morton's claims of sentencing error are waived because he has failed to provide us with a transcript of his guilty plea hearing and a copy of his pre-sentence investigation report. *See Nasser v. State*, 727 N.E.2d 1105 (Ind. Ct. App. 2000) (holding that defendant waived review of sentencing issue where he failed to provide the court with his presentence investigation report), *trans. denied*. This court, however, has sometimes addressed the merits of sentencing arguments notwithstanding the defendant's failure to provide such documents. *See Eiler v. State*, 938 N.E.2d 1235 (Ind. Ct. App. 2010). We remind Morton that it is his burden to present this court with a complete record, and that his failure to do so hampers our ability to consider his appellate arguments. *See id.* Nevertheless, we will conduct appellate review of Morton's sentence to the extent permitted by the scant record before us.

Morton argues that the trial court abused its discretion in imposing consecutive sentences. Specifically, he argues that the trial court's imposition of consecutive sentences violates Ind. Code Ann. § 35-50-1-2(c) (West, Westlaw current with all 2013 legislation), which provides, in relevant part, as follows:

> [E]xcept for crimes of violence, the total of the consecutive terms of imprisonment . . . to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies of which the person has been convicted.

Morton argues that his crimes were part of a single, continuing episode of criminal conduct and, as a result, the trial court erred in imposing consecutive sentences exceeding four years, the advisory sentence for a class C felony. *See* I.C. § 35-50-2-6 (West, Westlaw current with all 2013 legislation). On the record before us, we disagree.

"Episode of criminal conduct" is statutorily defined as "offenses or connected series of offenses that are closely related in time, place, and circumstance." I.C. § 35-50-1-2(b). In considering whether offenses are sufficiently related, emphasis has been placed on the timing of the offenses and whether they were committed simultaneously or contemporaneously. *Gootee v. State*, 942 N.E.2d 111 (Ind. Ct. App. 2011), *trans. denied*. Additionally, we may consider "whether the conduct is so closely related in time, place, and circumstance that a complete account of one charge cannot be related without referring to details of the other charge[,]" though this consideration is not dispositive. *Id.* at 114; *see also Reed v. State*, 856 N.E.2d 1189 (Ind. 2006).

Here, there is nothing in the record establishing that the acts on which Morton's four theft convictions were based are closely connected in time, place, and circumstance. Indeed, because Morton has not included the charging information in his Appellant's Appendix, we are unable to even discern the dates on which the charged offenses occurred. Although it seems apparent that Morton carried out each of the thefts in a similar fashion—i.e., by writing checks to himself on the organizations' accounts—this is not the relevant test. *See Gootee v. State*, 942 N.E.2d 111 (concluding that theft, fraud, and forgery convictions arising out of the theft and subsequent use of a debit card over a period of two days were not part of

4

a single episode of criminal conduct). The State asserts that Morton "cites to no evidence that the 210 individual instances of writing checks to himself, from two different organizations, over an unknown period of time, occurring with an unknown frequency, constituted a single episode of criminal conduct." *Appellee's Brief* at 10. We agree with the State's assessment and conclude that Morton has not established that his thefts were part of a single episode of criminal conduct.

Morton also argues that the trial court abused its discretion in imposing consecutive sentences despite its finding that the aggravating and mitigating circumstances were "somewhat equal[.]" *Transcript* at 21. As a general matter, the decision to impose consecutive sentences lies within the discretion of the trial court. *Gilliam v. State*, 901 N.E.2d 72 (Ind. Ct. App. 2009). This court has held, however, that it is an abuse of discretion to impose consecutive sentences where the aggravating and mitigating circumstances are in balance. *Feeney v. State*, 874 N.E.2d 382 (Ind. Ct. App. 2007). In this case, we doubt the trial court's statement that the aggravating and mitigating circumstances were "somewhat equal" was intended to be a pronouncement that they were, in fact, in equipoise. But even assuming that the trial court made such a finding, and consequently erred in imposing consecutive sentences, we need not remand for resentencing. Instead, we choose to exercise our authority to review the sentence under Indiana Appellate Rule 7(B). *See Feeney v. State*, 874 N.E.2d 382 (citing *Windhorst v. State*, 868 N.E.2d 504 (Ind. 2007)); *see also Mendoza v. State*, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007) (noting that "even if the trial court is found to have abused its discretion in the process it used to sentence the

defendant, the error is harmless if the sentence imposed was not inappropriate"), *trans. denied*. As we explain below, we do not find Morton's sentence to be inappropriate, and we therefore affirm.

2.

Morton argues that his sentence is inappropriate in light of the nature of the offense and his character. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to App. R. 7, the Supreme Court has authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State*, 917 N.E.2d 675, 693 (Ind. 2009), *cert. denied*, 131 S.Ct. 414 (2010). Nevertheless, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

Whether we regard a sentence as appropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors

that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Additionally, our review "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* at 1225. Thus, when reviewing a sentence pursuant to App. R. 7(B), we may consider all aspects of the penal consequences imposed by the trial court, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023 (Ind. 2010).

Morton was convicted of four counts of class D felony theft; the sentencing range for each offense is from six months to three years, with an advisory sentence of one and one-half years. Ind. Code Ann. § 35-20-2-7 (West, Westlaw current with all 2013 legislation). Thus, the maximum aggregate sentence Morton could have received is twelve years executed. Instead, the trial court sentenced Morton to nine years, with three years executed and six years suspended to probation.[2]

In considering the nature of the offense, we observe that Morton committed more than two hundred separate thefts from two nonprofit organizations he helped establish and run for more than twelve years. Morton used his position as the treasurer of these organizations to embezzle more than $75,000. On appeal, Morton contends that his actions were "not violent" and "not born out of greed." *Appellant's Brief* at 9. With respect to the former assertion, we are unimpressed; theft is generally a nonviolent property crime. As to the latter

---

[2] Because Morton did not receive the maximum aggregate sentence, his reliance on case law pertaining to maximum sentences is misplaced.

argument, we are unconvinced. At the sentencing hearing, Morton's counsel claimed that Morton began stealing from the organizations in order to cover his expenses only after he lost his job. After consulting the pre-sentence investigation report, however, the trial court noted that some of the thefts occurred prior to the date Morton lost his job. Because Morton has not provided us with any evidence contradicting the trial court's statement, we will assume its accuracy. Put simply, Morton's actions were a gross violation of the trust placed in him by the nonprofit organizations and their donors. Not only did Morton's crimes deprive the nonprofit organizations of the funds necessary to carry out their public purposes, but they have threatened those organizations' future viability by shaking the confidence of potential donors in their ability to adequately manage donations. The nature of the offense alone easily supports the imposition of Morton's aggregate sentence of three years executed and six years suspended to probation.

Nor do we find Morton's character particularly redeeming. Morton insists that his lack of criminal history merits a sentence reduction. We note, however, that Morton wrote over two hundred checks to himself before he was discovered; this hardly signals that he has led a law-abiding life aside from his four theft convictions. Morton also notes that he pleaded guilty to the charges against him, apparently without the benefit of a plea agreement. But again, Morton fails to note that despite writing numerous checks, he was only charged with four counts of theft. Moreover, Morton committed his crimes by writing numerous, easily traceable checks to himself; thus, on the record before us, it appears that there was overwhelming evidence against him. We therefore believe Morton's guilty plea was at least

8

as much a product of pragmatic considerations as a desire to take responsibility for his actions. *See Lavoie v. State*, 903 N.E.2d 135 (Ind. Ct. App. 2009) (noting that a plea agreement was not a significant mitigating factor where there was such overwhelming evidence against the defendant that the plea was merely a pragmatic decision). Similarly, we are unmoved by Morton's agreement to pay restitution; in light of the State's request for restitution and the clear evidence concerning the amount of money Morton stole, it seems a near certainty that the trial court would have ordered restitution even without Morton's consent. For all of these reasons, we can readily conclude that Morton's sentence is not inappropriate.

Judgment affirmed.

KIRSCH, J., and BAILEY, J., concur.