## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 15 2016, 10:22 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Miguel Garcia,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 15, 2016

Court of Appeals Case No.
79A02-1507-CR-944

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1411-F3-2

**Najam, Judge.**

## Statement of the Case

Miguel Garcia appeals the trial court's sentencing order. He raises two issues, namely:

1. Whether the trial court abused its discretion in imposing consecutive sentences.

2. Whether the advisory sentence imposed for Count II is inappropriate.

Because we find the first issue dispositive, we do not address the second issue.

We reverse and remand with instructions.

## Facts and Procedural History

On November 12, 2014, the State filed an information charging Garcia with ten counts relating to the armed robberies of a Speedway gas station and a Village Pantry convenience store in Lafayette on November 1 and November 5, 2014, respectively. On November 1, Garcia and Jacob Lumbley took cigarettes, money, and the store clerk's cellular telephone from the Speedway gas station while Lumbly was armed with a handgun. On November 5, Garcia, Lumbley, and Tiffany Mounts took money and merchandise from the Village Pantry store while Lumbley was armed with a shotgun and Garcia was armed with a knife. During the course of the Village Pantry robbery, the robbers ordered the store clerks to lay on the floor until the robbers left.

[4] On May 19, 2015, Garcia and the State entered into a plea agreement under which Garcia pleaded guilty to the following charges: Count II, robbery as a Level 3 felony, relating to the November 1 offense; Count VI, robbery as a Level 3 felony, relating to the November 5 offense; and Count VII, criminal confinement as a Level 3 felony, relating to the November 5 offense. In exchange, the State dismissed the remaining counts.

[5] Following a sentencing hearing on June 19, the trial court found the following aggravating factors: "the seriousness of the offense; offenses committed within five months of entering community; his criminal history; there were 3 victims; character of Defendant; and he has been disciplined while incarcerated." Appellant's App. at 13. The court also found the following mitigating factors:

> the Defendant pled guilty; he participated in rehabilitative programs while in custody at the County jail; he has shown remorse for his victims; he has drug and alcohol problems and was under the influence of Spice at the time of the commission of the offenses; he has had a somewhat good employment history; and his difficult childhood.

*Id*. The trial court then found that "the aggravating factors and the mitigating factors balance." *Id*.

[6] The trial court imposed the nine year advisory sentence upon Garcia for both the Count II and Count VI robbery convictions, with each sentence having eight years executed and one year suspended on supervised probation. The court reduced the Count VII criminal confinement conviction to a Level 6 felony and sentenced Garcia to two and one-half years executed on that count.

The trial court ordered that the sentences on Counts VI and VII be served concurrent with one another, but consecutive to the sentence on Count II, for an aggregate sentence of eighteen years, with sixteen years executed in the Department of Correction and two years suspended to probation. This appeal ensued.

## Discussion and Decision

[7] Garcia argues that the trial court abused its discretion in imposing consecutive sentences. We review a trial court's decision to impose consecutive sentences for an abuse of discretion. *See, e.g.*, *Quiroz v. State*, 885 N.E.2d 740, 741 (Ind. Ct. App. 2008), *trans. denied*. An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*.

[8] Sentencing determinations often involve a two-step process: first, the trial court may "consider aggravators and mitigators in determining the sentence for each underlying offense,"[1] and then the trial court may "independently consider aggravators and mitigators in determining whether to impose concurrent or

---

[1] We note that, under the advisory sentencing scheme that replaced the presumptive sentencing scheme in 2005, the trial court "no longer has an obligation to weigh aggravating and mitigating factors against each other when imposing a sentence." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). However, neither is the trial court prohibited from identifying facts in aggravation or mitigation. *Id*. And, if the trial court does find the existence of such factors, "then the trial court is required to give 'a statement of the court's reasons for selecting the sentence that it imposes.'" *Id.* (quoting Ind. Code § 35-38-1-3).

consecutive sentences[,]" pursuant to Indiana Code Section 35-50-1-2 (2015). *Frentz v. State*, 875 N.E.2d 453, 472 (Ind. Ct. App. 2008), *trans. denied*. In order to impose consecutive sentences, the trial court must find at least one aggravating circumstance. *Marcum v. State*, 725 N.E.2d 852, 864 (Ind. 2002). But, when a "trial court finds [the aggravating and mitigating] circumstances to be in balance, 'there is no basis upon which to impose consecutive sentences.'" *Wentz v. State*, 766 N.E.2d 351, 359 (Ind. 2002) (quoting *Marcum*, 725 N.E.2d at 864). Thus, a trial court may find that the aggravating and mitigating factors balance for purposes of the length of a sentence and then find an additional, free-standing aggravator justifying the imposition of consecutive sentences, *e.g.*, *Lopez v. State*, 869 N.E.2d 1254, 1258 (Ind. Ct. App. 2007), *trans. denied*, or find that one of the same aggravators used in determining the length of the sentence justifies imposing consecutive sentences, *Frentz*, 875 N.E.2d at 472.

[9]  Moreover, "our supreme court has 'emphasized that[,] before a trial court can impose a consecutive sentence, it must articulate, explain, and evaluate the aggravating circumstances that support the sentence.'" *Lewis v. State*, 31 N.E.2d 539, 543 (Ind. Ct. App. 2015) (quoting *Monroe v. State*, 886 N.E.2d 578, 580 (Ind. 2008)); *see also Gross*, 22 N.E.3d at 869. Thus, a trial court may abuse its discretion when it fails to state reasonably detailed reasons for imposing a particular sentence. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007). "Under those circumstances, remand for resentencing may be appropriate if we cannot say with confidence that the trial court would have imposed the same

sentence had it properly considered reasons that enjoy support in the record." *Id*. at 491.

[10] Here, the trial court explicitly found that the mitigating and aggravating factors balanced, and it imposed the advisory sentences. But, unlike in *Lopez* and *Frentz*, the trial court did not proceed to the second step of the sentencing determination, namely, identifying the aggravating factor(s) to justify the imposition of consecutive sentences. *Lopez*, 869 N.E.2d at 1258; *Frentz*, 875 N.E.2d at 472. Rather the trial court simply imposed consecutive sentences without stating any reason therefor. Such a statement is required. *Gross*, 22 N.E.3d at 869. The trial court abused its discretion in imposing consecutive sentences without stating that the sentences were justified by one or more aggravators. *Id.*; *Marcum*, 725 N.E.2d at 864.

[11] Accordingly, Garcia contends that a remand for the imposition of concurrent sentences is necessary, citing *Feeney v. State*, 874 N.E.2d 382, 384-85 (Ind. Ct. App. 2007). Brief of Appellant at 5. In *Feeney* we noted that, "Indiana's appellate courts have consistently held that when the trial court finds the aggravating and mitigating circumstances to be in balance, 'there is no basis on which to impose consecutive terms.'" *Id*. at 384 (citing *Wentz v. State*, 766 N.E.2d 351, 359 (Ind. 2002)). And we said that in such cases, "Ordinarily, such an order would require remand for imposition of concurrent sentences." *Id*. at 384-85. The State counters in a footnote, without citation to authority, that "[e]ven if the trial court erred by failing to make findings relevant to

consecutive sentences, the remedy would be remand for resentencing, not the imposition of concurrent sentences." Appellee's Br. at 10 n.1.

[12] In *Windhorst v. State,* 868 N.E.2d 504 (Ind. 2007), our supreme court noted that

> we have long held that where the trial court erred in sentencing a defendant, there are several options for the appellate court. "Without a trial court sentencing order that meets the requirements of the law," we have the option to remand to the trial court for a clarification or new sentencing determination.

*Id*. at 507 (quoting *Brown v. State*, 783 N.E.2d 1121, 1129 (Ind. 2003)). Thus, we may reverse and remand with instructions for the trial court to impose concurrent sentences or with instructions for the trial court to enter a new sentencing determination. Or we may exercise our constitutional authority under Appellate Rule 7(B) to review and revise the sentence. *Id*. Here, we conclude that, rather than enter a remand order for imposition of concurrent sentences, we should remand with instructions for the trial court to reconsider its order of consecutive sentences of eighteen years for the robbery convictions. On remand the trial court may either enter concurrent sentences for the robbery convictions or impose the same consecutive sentences, if the court supports its sentence with appropriate findings. *See White v. State*, 847 N.E.2d 1043, 1047 (Ind. Ct. App. 2006).

[13] Having reversed and remanded for resentencing, there is no need for us to address Garcia's argument under Appellate Rule 7(B) that his sentence is inappropriate.

Reversed and remanded with instructions.

May, J., concurs.

Riley, J., concurs and dissents with separate opinion.

| | |
|---|---|
| Miguel Garcia, | Court of Appeals Case No. |
| *Appellant-Defendant,* | 79A02-1507-CR-944 |
| v. | |
| State of Indiana, | |
| *Appellee-Plaintiff.* | |

**Riley, Judge concurring in part and dissenting in part**

[15] While I concur with the majority's decision to reverse the trial court's sentencing order, I would remand with instruction to impose concurrent sentences.